## HENRIETTA A. NICHOLS *vs.* CITY OF MINNEAPOLIS.

### July 5, 1883.

**Liability of City for Defective Streets—Limitation in Charter.**—The liability of a municipal corporation for injuries caused by defects in streets is such as the legislature may choose to impose. A provision in the charter that no action for such injury shall be maintained against the corporation, unless, within 30 days after the injury, notice, specifying the time and place of the injury, and that the person will claim damages, is given, nor unless the action be commenced within a year, is valid.

v.30—35

**Same—Injuries to Property.**—Such a provision in the charter of Minneapolis (section 20, chapter 8,) *held* to apply as well to injuries to property as injuries to persons.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, overruling her demurrer to the answer.

*Merrick & Merrick*, for appellant.

*Judson N. Cross*, for respondent.

GILFILLAN, C. J. Section 20, chapter 8, of the act incorporating the city of Minneapolis, reads: "No action shall be maintained against the city of Minneapolis on account of any injuries received by means of any defect in the condition of any bridge, street, sidewalk, or thoroughfare, unless such action shall be commenced within one year from the happening of the injury, nor unless notice shall have first been given in writing to the mayor of said city, or the city clerk thereof, within 30 days of the occurrence of such injury or damage, stating the place where and the time when such injury was received, and that the person so injured will claim damages of the city for such injury; but the notice shall not be required when the person shall, in consequence thereof, be bereft of reason." Sp. Laws 1881, p. 465, § 20. The plaintiff brings this action for an injury to her horse, caused by a defect in a street of defendant. The defendant, in its answer, alleged failure by plaintiff to serve the notice required by the charter, and the court below overruled a demurrer to such answer. The plaintiff claims—*First*, that the section of the charter quoted applies only to injuries to the person; *second*, that it is repugnant to section 8, article 1, of the constitution of the state, which reads: "Every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain justice freely, and without purchase; completely, and without denial; promptly, and without delay, conformably to the laws."

As to the first of these objections, the phrase "on account of any injuries received by means of any defect," etc., includes as well injuries to property as to persons; and to hold the subsequent phrase, "and that the person so injured," (perfectly correct language to use in re-

spect to one injured in his property,) as qualifying the former phrase, would be a strained construction. The manifest object of the provision in the charter is that the city may have timely notice of any such claim made, so as to be able to ascertain what the facts are, and to establish them while witnesses are obtainable, and the occurrence, and the condition, at the time, of the bridge, street, sidewalk, or thoroughfare, are fresh in their recollection,—a wise purpose, and one as expedient and important in the case of a claim for injury to property as to the person. No reason can be conceived for any difference in the rule in the two classes of cases, and the language of the charter makes none.

Under the second objection, the plaintiff argues that the charter provision is unequal and partial legislation; that it grants a special privilege or advantage to the city of Minneapolis, not given to any other like corporation, and as such constitutes an odious and unjust discrimination; and that it is unreasonable, and for these reasons repugnant to the article of the constitution above quoted. We do not think any provision in the charter of a municipal corporation was ever held void merely because it was more favorable to the corporation than could be found in the charter of any like corporation. In the charter of almost every municipal corporation such provisions are to be found. Such corporations are creatures of the statute, and have such powers, duties, and obligations as the statute gives or imposes. The legislature is presumed to regulate these as in its opinion the needs and interests of the people within the prescribed territory require. In respect to liability for injuries by reason of defects in streets, the legislature may impose it on the corporation or not, as it deems most expedient; and it may prescribe the extent to which or the conditions on which it shall be liable, and the conditions on which the liability shall be enforced. This is all that the clause quoted from defendant's charter assumes to do.

Order affirmed.