## JAMES C. FLYNN vs. JULIEN LEMIEUX.

### July 1, 1891.

Occupying Claimants—Failure of Land-Owner to Pay Value of Improvements.—Under the occupying-claimants law of 1873, (Gen. St. 1878, c. 75, § 17,) the failure of the claimant to pay into court the assessed value of the occupant's improvements within one year from the rendition of the verdict or finding, not only barred his remedy, but extinguished his right of property, the title to which thereafter vested in the adverse occupant, although no judgment had been entered in the action.

Same—Invalid Retroactive Law. — Hence Laws 1889, c. 190, (amendatory of this law,) in so far as it is made to apply retroactively to such cases, is invalid.

Appeal by defendant from an order of the district court for Morrison county, *Baxter*, J., presiding, refusing to modify a judgment.

*Lindbergh & Adams*, for appellant.

*Taylor, Calhoun & Rhodes*, for respondent.

MITCHELL, J.[1]   This was an action of ejectment, in which the defendant, in addition to other defences, set up, as he might under the "occupying-claimants act," the value and amount of the improvements made, and the amount of taxes paid, by him on the premises.   The plaintiff interposed no reply, and consequently waived the right which the statute gave him of having the value of the land without the improvements assessed, and of requiring the defendant to pay the same in case he (plaintiff) should not desire to pay the assessed value of the defendant's improvements.   The cause was tried by a referee, whose findings, filed December 2, 1885, were that the title of the premises was in the plaintiff, but that defendant in good faith, and under color of title, had made improvements on them of the value of $590, and paid taxes thereon to the amount of $85.44.   His conclusions of law were in accordance with the statute then in force, and which remained without change until April, 1889, viz., that plaintiff was entitled to possession, but that

[1] Collins, J., having been of counsel, took no part in this case.

execution for the possession should not issue, unless, within one year after the rendition of the findings, the plaintiff should pay into court for the defendant the amount of the improvements made and taxes paid by him. Gen. St. 1878, *c.* 75, § 17. Neither party made any further move in the case until August, 1889, as hereinafter stated. Chapter 190, Laws 1889, passed April 24th of that year, amended the "occupying-claimants law" so as to provide that no execution for the possession should issue unless the claimant should pay into court for the occupant the amount of his improvements made and taxes paid within one year "from the *rendition of judgment* on the verdict or finding," instead of one year "from the rendition of the verdict or finding," as in the original act. This act was by its terms made applicable to all actions theretofore commenced in which judgment had not already been entered. On August 22, 1889, the plaintiff, without notice to defendant, entered judgment in the action, in accordance with the terms of the amended act, adjudging that he was entitled to immediate possession of the premises, but that execution should not issue unless within one year from the rendition of the judgment he should pay into court for the defendant the amount of his taxes and improvements as found by the referee. Upon learning that such a judgment had been entered, the defendant made a motion to have it modified so as to conform to the provisions of the original statute. From an order denying this motion defendant appealed.

The only question raised or discussed is whether it was competent for the legislature to make the amendment of 1889 retroactive, so as to apply to cases where, although no judgment had been entered, the time within which the claimant was required to pay the amount of the occupant's improvements had already expired. The occupying-claimants law of 1873 is somewhat crude in its provisions, as well as peculiar in its language. At first glance it might seem that the section of the act already referred to merely provided for a stay of execution upon an unconditional judgment until the claimant paid for the improvements, and hence that the amendment of 1889, even if applied to cases like the present, would affect no vested rights of property, but merely changed the remedy. But a closer examination

will show that this is not correct. If we look beyond the mere form of words to the real substance of the statute, it will be seen that the judgment in such cases, however worded, is, in legal effect, only a conditional one, awarding the claimant the possession, provided and on condition that he pay the assessed value of the occupant's improvements, and the taxes paid by him, within one year from the rendition of the verdict or finding. Hence, if he does not pay within that time, all right to an execution for the possession is forever gone. When that time has expired without his paying, the case is not one where merely certain remedies have been taken away or suspended, leaving the property rights of the parties unaffected, and where, consequently, it may be in the power of the legislature to restore the remedy, or give a new one. On the contrary, it is clearly a case where all remedy for the recovery of property in the possession of another is gone; so that the title, irrespective of the original right, is regarded in law as vested in the possessor. In other words, the failure of the claimant to pay within the prescribed time not only bars his remedy, but extinguishes his right of property, the title to which is thereafter vested in the adverse holder, whose title is then as safe from legislative interference as if acquired by grant. Cooley, Const. Lim. 365; *Kipp* v. *Johnson*, 31 Minn. 360, (17 N. W. Rep. 957;) *Campbell* v. *Holt*, 115 U. S. 620, (6 Sup. Ct. Rep. 91.) The title of this property having become vested in the defendant before the amendment of 1889 was passed, therefore to give that act a retroactive effect, so as to revive plaintiff's right to recover possession by extending his time (already expired) in which to pay for the improvements and taxes, would be to deprive defendant of his property without due process of law.

It is not material that no judgment had been entered in the action, as the time within which the plaintiff was required to pay did not run from the date of the rendition of the judgment, but from the date of the rendition of the verdict or finding. It is true that the general rule is that a verdict or finding, without any judgment upon it, is of no effect as an estoppel or as evidence; but it was entirely competent for the legislature to give some different or greater effect to them, and to make the time to run from the date of the

verdict or finding, instead of from the date of the judgment. It was of no value to plaintiff, unless in the matter of costs, to have a judgment entered, as he was already barred of his recovery; but, if one was entered, it should have been in accordance with the rights of the parties. It would seem rather absurd to enter a conditional judgment in favor of the plaintiff when he could no longer perform the condition; but, if such a judgment be entered, it would operate as a judgment in favor of the defendant, inasmuch as plaintiff had not fulfilled the condition, and the time for doing so had expired. The statute doubtless contemplated that judgment would be entered within a year from the rendition of the verdict or finding; but where this is not done, and the year has elapsed without the plaintiff's paying into court the assessed value of the defendant's improvements, it seems to us that the more regular course would be for defendant, on motion, to have an absolute judgment entered in his own favor.

Order reversed.