## SIGLER, Respondent, v. KEITH, Appellant.

### (210 N. W. 17.)

(File No. 5777.   Opinion filed September 7, 1926.)

1. **Appeal and Error—Whether Granting of Petition to File Amendment to Abstract and Brief Would Be Likely to Aid in Properly Adjudicating Appeal Is Most Vital Question.**

   On application for permission to file amendment to appellant's abstract and brief, setting forth further evidence presented, statement that abstract contains all material evidence, and notice of desire for oral argument, most vital question is whether granting of petition will be likely to aid in properly adjudicating appeal.

2. **Appeal and Error—Substitution of Exceptions, Filed at Hearing on Referee's Report for Specifications of Error, Does Not Dispense with Necessity of Proper Assignment of Error Based on Exceptions Specifically Referred To (Supreme Court Rules 34-44; Laws 1919, c. 298, Repealing Rev. Code 1919, § 2539).**

   While exceptions, filed at time of hearing on referee's report, take place of specifications of error under Supreme Court rules 34-44, promulgated pursuant to Laws 1919, c. 298, repealing Rev. Code 1919, § 2539, authorizing appeals from judgments on referee's reports, rule 44 does not dispense with necessity of presenting proper assignments of error, based on corresponding exceptions saved at hearing and specifically referred to in assignments.

3. **Appeal and Error—Application for Permission to File Abstract of Evidence Before Referee Must Be Denied, in Absence of Assignments of Error Based on Contentions Below and Specifically Referring to Exceptions or Specifications on Which Based.**

   In absence of assignments of error, based on specific contentions presented to trial court and specifically referring to exceptions or specifications on which based, application for permission to file abstract of evidence before referee, and statement that it contains all material testimony received at trial, must be denied, as seeking no relief of any assistance in adjudicating appeal.

   Note.—See, Headnote (1) and (3), American Key Numbered Digest, Appeal and error, Key-No. 590, 4 C. J. Sec. 2098 (Anno.); (2) Appeal and error, Key-No. 719(1), 3 C. J. Sec. 1588.

   Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by E. C. Sigler against A. J. Keith. From a judgment for plaintiff and an order overruling a motion for a new trial, defendant appeals. Appellant's motion for permission to file amendment to abstract and brief denied, and judgment and order affirmed.

*A. J. Keith* and *Eugene C. Mahoney,* both of Sioux Falls, for Appellant.

*N. B. Bartlett,* of Sioux Falls, for Respondent.

MORIARTY, C. This is an action for an accounting. Both parties are members of the bar of this state, and the accounting involves the business of a partnership between them. This appeal is from a judgment in favor of respondent in the sum of $463.68.

[1.] In their briefs as originally filed in this court neither party gave notice of a desire to be heard in oral argument. Consequently the appeal has been treated as one in which oral argument had been waived. But on March 11, 1925, more than three months after the filing of his brief, appellant secured from this court an order requiring respondent to show cause why an order should not be entered permitting appellant to file an amendment to his abstract and brief, setting forth an abstract of further evidence presented in the case, a statement that the abstract contains all the material evidence, and notice that an opportunity for oral argument is desired.

On an application such as this the most vital question is whether the granting of the petition would be likely to aid in arriving at a proper adjudication of the appeal. To determine this point we have examined the briefs and considered the question of what they present as they now are and what the effect of the proposed amendments would be.

[2] The evidence in the accounting was taken before a referee, who made a report containing his findings and conclusions. At the hearing on this report the appellant appeared and presented and filed certain exceptions to the referee's report. The trial court overruled these objections and adopted the findings and conclusions of the referee as its findings and conclusions, and entered judgment in accordance therewith. On examining appellant's brief we find that the only attempt to assign error is the following:

"Assignment of Errors.

"Appellant says that the trial court erred as follows: In rendering judgment for the respondent upon the finding of fact and conclusion of law filed by the referee and overruling appellant's motion for a new trial, for the reason that there is no evidence to sustain the findings of the referee, and that said contract of partnership does not justify the interpretation given to it by the referee."

While appellant's brief shows that appellant filed exceptions to the adoption of the findings and conclusions reported by the referee, and also shows that a motion for a new trial was presented, there is no reference in the so-called assignment of errors to any specifications of error, or to any exception to the referee's report corresponding with the assignment. Respondent's counsel contends that the failure to file specifications of error is fatal to the appeal.

Originally section 2539 of the Revised Code provided for the taking of appeals from judgments entered on referee's reports. But chapter 298 of the Laws of 1919 repealed that section and all the other sections providing for procedure in trials by referees, and substituted therefor a provision that the Supreme Court should establish rules of practice in such proceedings. In compliance with that chapter this court promulgated rules 34 to 44, inclusive. Of these rules rule 41 provides that within ten days after receiving notice of the filing of the referee's report, "either party may serve upon the opposite party, and file with the clerk, exceptions in writing to any finding of fact or conclusion of law in said report, or to the failure or refusal of the referee to make a finding requested by him under the provisions of rule 39. Such exceptions shall state the specific grounds upon which they are based." Rule 44 provides for the hearing upon the exceptions filed and for the entering of the court's judgment, and further provides:

"The judgment so entered may be appealed from in like manner as from judgments in other cases, and upon such appeal all questions may be raised that are permissible upon an appeal from a judgment and an order denying a new trial, no motion for a new trial being necessary."

In the case of of Dunn v. Gamble, 47 S. D. 303, 198 N. W. 821, this court construed this rule, in so far as it affects the necessity of formal specifications of error in cases of this kind. In that case this court said:

"When the report of the referee was presented to the trial court for confirmation, appellant filed exceptions to certain of the findings of fact and conclusions of law made by the referee, as required by rule 41. The exceptions so filed presented to the court the exceptions that had been saved by appellant at the trial and submitted them to the trial court for review as fully as though they had been contained in formal specifications of error."

Under this construction of the rules the exceptions filed at the time of the hearing on the referee's report take the place of specifications of error. But rule 44 does not dispense with the necessity of presenting the issues to this court by proper assignments of error, based upon corresponding exceptions saved at the hearing and specifically referred to in the assignments. The rules allow such exceptions to take the place of formal specifications, but the established practice of this court requires that assignments must be based upon specific contentions presented to the trial court, and must specifically refer to the exception or specification upon which each assignment is based. The so-called assignment in appellant's brief fails to do this, and therefore presents no issue to this court. Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923; Lavery v. Williams, 35 S. D. 158, 151 N. W. 278; Lien v Thomson, 44 S. D. 40, 181 N. W. 916.

[3] From this it appears that, even if appellant were allowed to file an abstract of the evidence taken before the referee and a statement that such abstract contains all the material testimony received at the trial, his brief would still fail to present any issue for this court to consider. To be allowed to file such abstract and statement is all that appellant asks in his order to show cause and is all this court could grant in the show cause proceeding. Therefore the application does not seek any relief that would be of any assistance in adjudicating the appeal, and the application must be denied.

From the examination which we have made of the record, as set forth in appellant's brief, we are satisfied that no injustice will

result from deciding this appeal upon the appellant's failure to present an issue to this court by a proper assignment.

Appellant's motion is denied, and the judgment and order appealed from are affirmed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.