## CHARLES SZROKA v. NORTHWESTERN BELL TELEPHONE COMPANY AND OTHERS.[1]

April 8, 1927.

No. 25,529.

**Statutory notice of personal injury under charter of Minneapolis.**

1. The charter of Minneapolis requires that notice of an injury be given to the city within 30 days after its occurrence as a condition to the maintenance of a suit for negligence. The cause of action is given directly or indirectly or impliedly by statute, and the giving of the notice is an essential part of the cause of action.

**Infancy is no excuse for failure to give such notice.**

2. The giving of notice is not excused by the fact that the person injured is a minor.

**Curative act of 1925 is unconstitutional.**

3. Laws 1925, c. 376, curative in form, applicable to cities of the first class and so worded as to apply to the cause of action claimed by the plaintiff, and assuming to give a cause of action for past injury notwithstanding the failure to give the notice, is in form and in substance special and class legislation, and is unconstitutional.

Municipal Corporations, 28 Cyc. p. 1448 n. 15; p. 1461 n. 1 New. Statutes, 36 Cyc. p. 1014 n. 65.

---

See note in 36 L. R. A. (N. S.) 1136; 13 R. C. L. 489; 4 R. C. L. Supp. 821; 5 R. C. L. Supp. 703.

See note in 31 A. L. R. 622, 626; 19 R. C. L. 1043; 5 R. C. L. Supp. 1055.

See note in 5 L. R. A. (N. S.) 327; 22 L. R. A. (N. S.) 534; 42 L. R. A. (N. S.) 465; 25 R. C. L. 823; 6 R. C. L. Supp. 486.

[1]Reported in 213 N. W. 557.

Plaintiff appealed from an order of the district court for Hennepin county, Salmon, J., sustaining the demurrer to the complaint of the defendant City of Minneapolis.  Affirmed.

*Erling Swenson,* for appellant.

*Neil M. Cronin,* City Attorney, and *John T. O'Donnell,* Assistant City Attorney, for respondent City of Minneapolis.

DIBELL, J.

Action by Charles Szroka as father of his minor son Joseph Szroka, ten years old, to recover for injuries sustained by his coming into contact with a telephone wire in the streets of Minneapolis.  Negligence is claimed on the part of the defendant telephone company, the defendant electric company, and the defendant city.  The city demurred to the complaint.  Its demurrer was sustained and the plaintiff appeals.

The injury occurred on August 23, 1924.  The city charter provides that no action against the city for an injury shall be maintained "unless such action shall be commenced not less than ten days after and within one year from the happening of the loss or injury, nor unless a written notice to the city council of such loss or injury, stating the time, place and circumstances thereof * * * shall have first been presented to the city council, or filed with the city clerk, within thirty days after the alleged loss or injury.  Such notice shall not be required when the person injured or suffering loss shall in consequence thereof be bereft of reason."  Minneapolis Charter 1920, c. 8, § 19.

Notice was given on January 23, 1925.  The city had actual knowledge of the injury within 30 days after its occurrence.  The action was commenced in February, 1925.

1.  In this state and in most of the western states a city is liable for injuries resulting from dangerous conditions in its streets.  Such a liability did not exist at common law and is to be considered as one imposed directly or indirectly or impliedly by statute.  In Nichols v. City of Minneapolis, 30 Minn. 545, 16 N. W. 410, it is said that "in respect to liability for injuries by reason of defects in

streets, the legislature may impose it on the corporation or not, as it deems most expedient; and it may prescribe the extent to which or the conditions on which it shall be liable, and the conditions on which the liability shall be enforced." The care, supervision, and control of streets is directly cast upon the city and liability for negligence is recognized. Minneapolis Charter 1920, c. 8.

When a statute or charter requires that a notice of injury be given the municipality the giving of such notice is an essential part of the cause of action. Without it there is no cause of action. Nichols v. City of Minneapolis, 30 Minn. 545, 16 N. W. 410; Bausher v. City of St. Paul, 72 Minn. 539, 75 N. W. 745; Doyle v. City of Duluth, 74 Minn. 157, 76 N. W. 1029; Engstrom v. City of Minneapolis, 78 Minn. 200, 80 N. W. 962; Peterson v. City of Red Wing, 101 Minn. 62, 111 N. W. 840; Mitchell v. Village of Chisholm, 116 Minn. 323, 133 N. W. 804; Wornecka v. City of St. Paul, 118 Minn. 207, 136 N. W. 561; Diamond Iron Works v. City of Minneapolis, 129 Minn. 267, 152 N. W. 647; Frasch v. City of New Ulm, 130 Minn. 41, 153 N. W. 121, L. R. A. 1915E, 749. The notice is not a statute of limitation. Thus, in Crocker v. City of Hartford, 66 Conn. 387, 34 Atl. 98, the court says that "until such notice is given no right of action exists." In many cases it is said that the giving of notice is a condition precedent to a cause of action. Trost v. City of Casselton, 8 N. D. 534, 79 N. W. 1071; Huntington v. City of Calais, 105 Me. 144, 73 Atl. 829; Batchelder v. White, 28 R. I. 466, 68 Atl. 320. And in Moulter v. City of Grand Rapids, 155 Mich. 165, 118 N. W. 919, the court said that, "it being optional with the legislature whether it would confer upon persons injured a right of action therefor or leave them remediless, it could attach to the right conferred any limitations it chose."

The same principle is applied in other cases where a right is given and a condition attached as a part of the cause of action. Thus in William Danzer & Co. Inc. v. Gulf & S. I. R. Co. 268 U. S. 633, 45 Sup. Ct. 612, 69 L. ed. 1126, Justice Butler referred to a statutory provision which would constitute "a part of the definition of a cause of action created by the same or another provision, and operate as a limitation upon liability." And in Kannellos v. G. N. Ry. Co.

151 Minn. 157, 186 N. W. 389, involving the federal liability act, Chief Justice Brown said that "where a statute gives a new right of action" the time fixed for its enforcement is "an element in the right itself." And in Lipmanowich v. Crookston Lbr. Co. 168 Minn. 332, 210 N. W. 47, Judge Lees said that the "compensation act created a right which did not exist at common law," and the time limited in it "attached to the right." And in Negaubauer v. G. N. Ry. Co. 92 Minn. 184, 99 N. W. 620, 104 Am. St. 674, 2 Ann. Cas. 150, involving a death-by-wrongful-act statute of Montana, Chief Justice Start said that, "where by statute a right of action is given which did not exist at common law," the time fixed for its enforcement "becomes a limitation or condition upon the right." These cases involve a limitation statute, but they illustrate the nature of the 30-day notice. Unless it is given no cause of action arises.

2.    Some cases hold that a statute requiring such a notice does not apply to minors unable to give notice. McDonald v. City of Spring Valley, 285 Ill. 52, 120 N. E. 476, 2 A. L. R. 1359; Murphy v. Village of Fort Edward, 213 N. Y. 397, 107 N. E. 716, Ann. Cas. 1916C, 1040; City of Tulsa v. Wells, 79 Okla. 39, 191 Pac. 186. The weight of authority recognizes no exception. Baker v. Town of Manitou (C. C. A.) 277 F. 232; Morgan v. City of Des Moines (C. C. A.) 60 F. 208; Peoples v. City of Valparaiso, 178 Ind. 673, 100 N. E. 70; Madden v. City of Springfield, 131 Mass. 441; Dechant v. City of Hays, 112 Kan. 729, 212 Pac. 682; Davidson v. City of Muskegon, 111 Mich. 454, 69 N. W. 670; Schmidt v. City of Fremont, 70 Neb. 577, 97 N. W. 830; Hurley v. Town of Bingham, 63 Utah, 589, 228 Pac. 213; Palmer v. City of Cedar Rapids, 165 Iowa, 595, 146 N. W. 827, Ann. Cas. 1916E, 558; 4 Dillon, Mun. Corp. (5th ed.) § 1613, p. 2817; 28 Cyc. 1415; Dec. Dig. Mun. Corp. § 741 (1).

The Minneapolis charter makes but one exception. That is when one in consequence of the injury is bereft of reason. If the court makes another it engrafts it upon the charter by construction. The charter makers were satisfied with one. Whether there should be others was a matter of legislative policy. There are arguments of policy on one side and the other, but they are not for us. In this

connection the views of Judge Caldwell in Morgan v. City of Des Moines (C. C. A.) 60 F. 208, in the circuit court of appeals of this circuit, relative to the practical desirability of exempting a minor from the statute of limitations, may be consulted with interest.

3. The claim chiefly urged is that the failure to serve notice was remedied by L. 1925, p. 477, c. 376, curative in form, approved April 24, 1925, as follows:

"That all notices of claims pursuant to Section 1 of Chapter 391, General Laws, 1913, or pursuant to any charter provision filed against cities of the first class or the Board of Water Commissioners thereof during the month of January or February, 1925, for damages claimed to have been suffered within five months prior to the time of serving said notice and subsequent to the thirty-day period fixed by said act, or any other period fixed by said charter if otherwise regular, shall be and hereby are declared valid and sufficient for all purposes, notwithstanding such notices were not filed within the thirty days specified in said act or written [within] any other period fixed by said charter and shall not be affected in any manner by reason of such fact, provided such notices were in fact filed with the proper body during such month of January or February, 1925, and provided further that said city or said Board of Water Commissioners shall have had actual knowledge of said claim or injury and the circumstances thereof within thirty days after the happening of the same."

The city claims that the statute is unconstitutional as special or class legislation. The constitution, art. 4, § 33, provides that no special law shall be enacted when a general law can be made applicable and that whether a general law can be made applicable is a judicial question; and that the legislature shall pass no local or special law regulating the affairs of any city. Section 34 requires the legislature to provide general laws for the transaction of any business that may be prohibited by § 33, and that all such laws shall be uniform in their operation throughout the state.

Section 36 permits the legislature to provide general laws relating to the affairs of cities the application of which may be limited to

cities of over 50,000 inhabitants, etc. In pursuance of the power granted the legislature has classified cities, and cities having more than 50,000 inhabitants belong to the first class. G. S. 1923, § 1265. The cities within this class are Minneapolis, St. Paul and Duluth.

It may be conceded that the statute is not objectionable as special legislation because confined to cities of the first class; but, as stated in Lodoen v. City of Warren, 146 Minn. 181, 178 N. W. 741, citing many cases, section 36 "affects sections 33 and 34 only to the extent of permitting the legislature to classify cities on the basis of population as therein provided, and, where population is only one of several elements on which the classification is based, those sections still apply as to the additional elements." In other words, though the statute be good as applied to cities of the first class, so far as based on population, it is not good if special under §§ 33-34 as to those coming within the population class.

The 1925 statute is a clear case of special or class legislation. It applies to three cities in the state, Minneapolis, St. Paul and Duluth. The basis of classification is fixed at the time of the legislation and no other city ever can come into the class. State ex rel. Hilton v. Ind. Sch. Dist. 164 Minn. 66, 204 N. W. 572, and cases cited. The statute relates only to injuries which have been sustained and not to those that may occur afterwards. Special features within the first city class are these: The notice of injury must have been filed during the month of January or February, 1925. It must have been filed subsequent to the 30-day period fixed by the charter for giving notice. The damages must have been sustained within five months prior to the giving of the notice. The municipality must have had actual knowledge of the injury and the circumstances thereof within 30 days after its occurrence.

The statute definitely identifies the injury to which it applies. Notice must have been given in January or February, 1925, and more than 30 days after the injury; therefore the injury could not have occurred later than in January, 1925. And since the damages must have been suffered within five months prior to the time of serving the notice the injury must have occurred not earlier than

say August 1, 1924. And if all these requisites concur there is no cause of action unless the city had notice within 30 days of the accident. This is a wholly arbitrary classification applicable to those residing within the three cities of the first class.

We do not fail to note that a statute special in form is not necessarily unconstitutional if curative and temporary in character. State ex rel. Bd. of Ed. v. Brown, 97 Minn. 402, 106 N. W. 477, 5 L. R. A. (N. S.) 327; Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623. Whatever may be the proper application of the rule it is without the effect claimed for it here. If it were, all that the legislature need do is to describe a situation, from which there was no cause of action at the time, and provide that from such a situation, defined for the occasion, a cause of action arose. Stating the contention concretely, from the time of the injury on August 23, 1924, until April 24, 1925, when the statute was approved, there was no cause of action. On April 24, 1925, there was a cause of action, then at issue on demurrer.

We base our decision upon the unconstitutionality of the 1925 act as special legislation.

The briefs discuss at length other claims which we do not decide. They mention the bar of the statute of limitations. There is no real question of the statute of limitations, for the year had not run when the action was begun. It may be noted that the question whether a personal cause of action may be revived by the repeal of the statute of limitations or by any sort of legislation has not been decided in this state. In Kipp v. Johnson, 31 Minn. 360, 17 N. W. 957, the distinction between a bar of a remedy in a personal action, and a bar the effect of which is to vest the one successfully asserting it with title to real or personal property, is discussed. The distinction is also noted in Flynn v. Lemieux, 46 Minn. 458, 49 N. W. 238, with a reference to Campbell v. Holt, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. ed. 483, a leading case. In Whittier v. Village of Farmington, 115 Minn. 182, 131 N. W. 1079, it was said by way of argument that a cause of action once barred could not be revived or extended by a change of the statute. The weight of authority seems to favor the view, thought to be the most practicable and workable,

that even in a personal action the bar having once become effective gives a right which cannot be taken away. 1 Wood, Lim. (4th ed.) § 11, p. 47, et seq.

The plaintiff argues that it was within the power of the legislature, since the municipality is but an arm of the legislature, to put upon the defendant city an obligation regardless of the giving of the notice; that is, to declare on April 24, 1925, that there was a cause of action though the day before there was not and never had been. He cites Merchants Nat. Bank v. City of East Grand Forks, 94 Minn. 246, 102 N. W. 703, and State ex rel. Arpin v. George, 123 Minn. 59, 142 N. W. 945. In each of these cases a defect in a proceeding was cured, and the rights of the parties were affected. The difference is apparent. Here the statute, though in form curative, cures nothing. It does not cure a defect but creates a substantive right. Holding the statute of 1925 invalid as special or class legislation we leave undetermined the matters suggested. Upon certain questions arising upon a claim of the bar of the statute of limitations there may be noted Note, 27 L. R. A. (N. S.) 1188; Note, 36 A. L. R. 1310, 1316-1327; 13 Rose's Notes, 122; 2 Rose's Notes, Supp. 922.

Order affirmed.