**UNITED STATES v. CITY OF MINNEAPOLIS.**

No. 1365.

District Court, D. Minnesota, Fourth Division.

Nov. 4, 1946.

R. S. Wiggin, City Atty., and John T. O'Donnell, Asst. City Atty., both of Minneapolis, Minn., for defendant in support of said motion.

Victor E. Anderson, U. S. Atty., and T. H. Wangensteen, Asst. U. S. Atty., both of St. Paul, Minn., for plaintiff in opposition thereto.

NORDBYE, District Judge.

The motion for judgment is based on plaintiff's failure to allege in its complaint the service of a notice of claim for damages against the defendant City as provided in, and required by, Section 465.09, Minnesota Statutes 1945 and M.S.A. Plaintiff's claim is based on the alleged negligence of the defendant in failing, after notice, to turn off the city water in a building where plaintiff had certain wool stored, as a result of which the water in the pipes of the building froze and burst,

586

flooding the building and damaging the Government's wool. Section 465.09 provides: "Every person who claims damages from any city, village, or borough for or on account of any loss or injury sustained by reason of any defect in any bridge, street, sidewalk, road, park, ferryboat, public works, or any grounds or places, or by reason of the negligence of any of its officers, agents, servants, or employees, shall cause to be presented to the common council or other governing body, within 30 days after the alleged loss or injury, a written notice, stating the time, place, and circumstances thereof, and the amount of compensation or other relief demanded. No action therefor shall be maintained unless such notice has been given; or if commenced within ten days thereafter or more than one year after the occurrence of the loss or injury."

It is admitted that no notice as provided by the statute was given by plaintiff and the complaint does not allege any compliance with the statute with reference to the notice required. Under the Minnesota decisions, the giving of notice as required by the statute is mandatory and a condition precedent to the institution of a suit against a city for damages based on the negligence of the city's officers, agents, servants or employees. In absence of such notice as the statute requires, an action will not lie against a city. The Minnesota cases have strictly enforced the terms of this statute. Szroka v. Northwestern Bell Tel. Co., 1927, 171 Minn. 57, 213 N.W. 557, 59 A.L.R. 404; Olson v. City of Virginia, 1941, 211 Minn. 64, 300 N.W. 42, 136 A.L.R. 1365; Freeman v. City of Minneapolis, 1945, 219 Minn. 202, 17 N.W.2d 364. But is the statute applicable to the United States of America in the present proceeding? The answer to this question requires a consideration of certain controlling principles.

I. [2] Where the United States brings an action in its sovereign capacity and seeks to enforce a right solely in the public interest, it cannot be defeated in the enforcement of such right by a statute of limitations enacted by any State. Chesapeake & Delaware Canal Co. v. United States, 1919, 250 U.S. 123, 39 S.Ct. 407, 63 L.Ed. 889;

United States v. State of Minnesota, 1926, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539; Guaranty Trust Co. of New York v. United States, 1937, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224; Board of Commissioners of Jackson County v. United States, 1939, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313; United States v. Miller, 8 Cir., 1928, 28 F.2d 846.

II. [3, 4] Section 465.09, Minnesota Statutes 1945 and M.S.A., is not an enactment which by itself gives rise to the right to sue a city for torts committed by it in its proprietary capacity. In other words, it is not a statute of creation, but rather of limitation. In Emmons v. City of Virginia, 1922, 152 Minn. 295, 299, 188 N.W. 561, 563, 29 A.L.R. 860, the Minnesota Supreme Court stated with reference to Chapter 391 of the Laws of 1913, a forerunner of the present statute, and which statute, the plaintiff therein contended, indicated an intent on the part of the Legislature to subject municipalities to liability for injuries arising by reason of negligence in the maintenance of parks and playgrounds, "No new right of action is therein sought to be created. It merely deals with notice of injury to the municipalities before suit may be maintained." There is no statute in the State of Minnesota which creates any liability on the part of a city for the tort in question. Any liability which exists here arises under the common law. Under the common law, a city is responsible for its torts when acting in a proprietary capacity. Bailey v. Mayor of New York, 1842, 3 Hill, 531, 38 Am.Dec. 669; 6 McQuillin, Municipal Corporations, 2d Ed., §§ 2772, 2792, et seq.; Rochester White Lead Co. v. City of Rochester, 1850, 3 N.Y. 463, 53 Am.Dec. 316; the English case of Scott v. Mayor of Manchester, (1856) 1 H. & N. 59, aff'd 2 H. & N. 204; Snider v. City of St. Paul, 1892, 51 Minn. 466, 53 N.W. 763, 18 L.R.A. 151.

III. [5] Where a city operates its water system for profit, it is engaged in a proprietary, not governmental, activity and is liable for its negligence as a private corporation or individual. Keever v. City of Mankato, 1910, 113 Minn. 55, 129 N.W. 158, 33 L.R.A.,N.S., 339, 343, Ann.Cas. 1912A, 216; Frasch v. City of New Ulm, 1915, 130 Minn. 41, 153 N.W. 121, L.R.A.

1915E, 749. See also Brantman v. City of Canby, 1912, 119 Minn. 396, 138 N.W. 671, 43 L.R.A.,N.S., 862.

■ From the pleadings the following facts may be deduced: That the damage to · the wool resulted from the alleged negligence of the City while operating its water system in its proprietary capacity. The Commodity Credit Corporation had purchased this wool and stored it for immediate availability for wartime requirements. In storing the wool for the purposes indicated, it was acting as an agent of the Government in performing a governmental function. The United States, therefore, is the real party in interest, and as such has instituted this suit. In that the plaintiff alleges that the wool was in storage for the purpose of making it available to the Government in pursuance of its war activities, it must follow that, on this showing, the Court cannot hold that, in endeavoring to collect damages for its loss through the alleged negligence of the defendant, the plaintiff is merely enforcing a private right and is not acting in its capacity as a sovereign. Applying the principles above enunciated, it seems clear that the right of the sovereign to sue the City on a claim arising under the common law and in the enforcement of a right solely in the public interest cannot be barred by the requirement that, as a condition precedent to the suit, a notice of claim must be presented to the governing body of the City.

Defendant relies on Denver & Rio Grande R. Co. v. United States, 8 Cir., 1917, 241 F. 614. There, the court held that the United States was subject to a limitation of two years, which the statutes of Colorado provided in suits against railroad companies for damages by reason of fire arising from the operation of any railroad, whether caused negligently or otherwise. But that case is clearly distinguishable. Under the Colorado statute, the liability of a railroad was made absolute if any fire emanated from the operation of the railroad regardless of negligence. That right, of course, did not exist at common law. The statute created a new cause of action, and when the Government sought to avail itself of the right created by statute, it necessarily was bound by the limitation which the right created. This case is analyzed and distinguished in a later decision of the Circuit Court of Appeals for the Eighth Circuit in United States v. Miller, supra.

Szroka v. Northwestern Bell Tel. Co., 1927, 171 Minn. 57, 213 N.W. 557, 59 A. L.R. 404, to which the City of Minneapolis also was a party defendant, is distinguishable upon a similar basis. The statutory notice there was held necessary to the creation of the right of action because the action against the City was based upon legislative enactment, not the common law. The action there, unlike here, was not maintainable at common law. It was provided for by the Minneapolis City Charter, and the provision requiring notice was considered inseparable from the one providing for liability. The court does not purport to state a rule governing situations which, like the instant one, concern rights existing against the City at common law.

It follows, therefore, that the motion for summary judgment must be denied. It is so ordered.

An exception is allowed to the defendant.