**John WONES, Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

No. 12847.

Court of Civil Appeals of Texas.

Galveston.

June 28, 1955.

Adams, Browne & Sample and Ernest L. Sample, Beaumont, for appellant.

Will G. Sears, City Atty., Richard H. Burks and Robert L. Burns, Senior Asst. City Attys., Houston, for appellee.

HAMBLEN, Chief Justice.

This suit was instituted in the District Court of Harris County by appellant against the appellee City of Houston and the Houston Belt and Terminal Railway Company, to recover damages for personal

injuries alleged to have been sustained by appellant when his automobile struck a hole in a street in the City of Houston where the same intersected a track of the railway company. Appellee City of Houston filed a motion for summary judgment based upon the proposition that having failed to give the Mayor and City Council written notice of his claim, as required by Article IX, Section 11 of the Charter of the City of Houston, appellant could not maintain his suit against such City. In reply to such motion, appellant filed an affidavit to the effect that he was not twenty-one years of age on the date of the alleged injury, nor within ninety days thereafter. Upon hearing, the motion of appellee was sustained, and judgment entered that appellant take nothing against it. Appellant's cause of action against Houston Belt & Terminal Railway Company was severed, and allowed to remain pending in the trial court. This appeal is from the order sustaining appellee's motion for summary judgment.

The sole question for determination is whether the legal disability of minority excuses compliance with the cited Charter provision. The question has not been heretofore decided by an appellate court in Texas.

Article IX, Section 11, Charter of the City of Houston provides:

"Sec. 11. Notice of claim against city for damages.—Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or some one in his behalf, shall give the Mayor and City Council notice in writing of such injury or destruction, duly verified, within 90 days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is present-

ed, and the actual residence of such claimant for six months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the Mayor and City Council within the time and manner specified herein shall exonerate, excuse and exempt the City from any liability whatsoever."

It is established law in Texas that allegation and proof that the notice, required by such provision or similar provisions, is given, are conditions precedent to plaintiff's cause of action, and that failure to so allege and prove such fact is fatal to his recovery. City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692; Cawthorn v. City of Houston, Tex.Com.App., 231 S.W. 701; Bates v. City of Houston, Tex.Civ. App. Galveston, 189 S.W.2d 17.

Only three exceptions to such established rule appear to be recognized. They are: (1) where the claimant is incapacitated during the prescribed time from giving the notice, City of Tyler v. Ingram, Tex.Civ.App., 157 S.W.2d 184, reversed 139 Tex. 600, 164 S.W.2d 516; (2) where the city is estopped from requiring compliance, Cawthorn v. City of Houston, supra; and (3) where a taking or damaging of property is involved, City of Waco v. Roberts, 121 Tex. 217, 48 S.W.2d 577. The second and third exceptions are in no way applicable to the present case. The first is not applicable unless it is to be held that the legal disability of minority, as a matter of law, produces incapacity. Any issue of fact relative to actual incapacity resulting from such minority must be concluded against appellant upon his allegation that he was living apart from his father, was supporting himself, and had thereby become emancipated.

In its brief, the appellee City of Houston has exhaustively analyzed the reported cases in those jurisdictions which have passed upon the applicability of notice of claim ordinances to minor claimants. To undertake such an analysis here would unduly extend

this opinion. From our examination of the cases cited by appellee, it appears that a number of jurisdictions have held that compliance with such ordinance requirements is an indispensable prerequisite to the bringing of an action by any person regardless of his age or his physical or mental condition. Artukovich v. Astendorf, 21 Cal.2d 329, 131 P.2d 831; City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643, 109 A.L.R. 970; Baker v. Town of Manitou, 8 Cir., 277 F. 232; Peoples v. City of Valparaiso, 178 Ind. 673, 100 N.E. 70; Cushing v. City of Winterset, 144 Iowa 260, 122 N.W. 915; Dechant v. City of Hays, 112 Kan. 729, 212 P. 682; Galloway v. City of Winchester, 299 Ky. 87, 184 S.W.2d 890; Davidson v. City of Muskegon, 111 Mich. 454, 69 N.W. 670; Szroka v. Northwestern Bell Telephone Co., 171 Minn. 57, 213 N.W. 557, 59 A.L.R. 404; Robinson v. City of Memphis, 171 Tenn. 471, 105 S.W.2d 101; Winter v. City of Niagara Falls, 190 N.Y. 198, 82 N.E. 1101; Hurley v. Town of Bingham, 63 Utah 589, 228 P. 213; Forseth v. City of Tacoma, 27 Wash.2d 284, 178 P.2d 357.

Other jurisdictions have held that notice of claim ordinances are not applicable to minors. McDonald v. City of Spring Valley, 285 Ill. 52, 120 N.E. 476, 2 A.L.R. 1359; Lazich v. Belanger, 111 Mont. 48, 105 P.2d 738; Webster v. City of Charlotte, 222 N.C. 321, 22 S.E.2d 900. Our examination of the last cited authorities indicates, however, that in each instance the court held the ordinance there in question to be inapplicable, not because of the legal disability of minority, but because of the actual physical and mental incapacity which the youthfulness of the claimant produced. We have been cited to no case which holds that minority excuses compliance wtih such ordinances except those in which the claimant is of such tender years as to be either physically or mentally incapable of giving the required notice.

In view of the fact that the courts of this State have excused non-compliance with the requirements of notice of claim provisions where it is shown that the claimant is physically or mentally incapacitated from complying therewith during the prescribed time, it appears that our courts will not apply the rule which holds such requirements applicable to any person regardless of age. However, it is our view that minority, in order that it be relied upon as an excuse for non-compliance, must be such as to produce, in fact, an actual physical or mental incapacity to comply. In the present case, the minor claimant was over twenty years of age at the time of the alleged injuries. As previously stated, he alleged his emancipation as a predicate for his prayer that he, rather than his parents, be permitted to recover for loss of earnings, and for medical and hospitalization expenses. Such allegation clearly establishes the fact without dispute that appellant's minority produced no actual physical or mental incapacity from complying with the requirements of the applicable ordinance. We, therefore, conclude that the trial court properly granted the motion of appellee for summary judgment, and that judgment is accordingly affirmed.

Appellant's argument that the ordinance of the City of Houston here involved is not applicable to a minor claimant, is premised in part upon the proposition that the requirement therein of an offer of settlement as a condition precedent to maintaining suit is, in so far as it is applicable to minors, violative of Section 13, Article I, and of Section 56, Article III of the Constitution of the State of Texas. Vernon's Ann. St. In view of appellant's admission upon the face of his pleadings that he is emancipated, we do not consider such question to be before us, and do not undertake to determine it.

Affirmed.