**K.E., Appellant,**

v.

**Robert A. HOFFMAN, Robbinsdale Independent School District No. 281, Respondents.**

**No. C3–89–697.**

Court of Appeals of Minnesota.

March 13, 1990.

Review Denied May 7, 1990.

Jeffrey R. Anderson, Mark A. Wendorf, Susan C. Bedor, Reinhardt and Anderson, St. Paul, for appellant.

Kay N. Hunt, Mark N. Stageberg, Lommen, Nelson, Cole & Stageberg, Minneapolis, for Hoffman.

David D. Alsop, Laura L. Myslis, Gislason, Dosland, Hunter & Malecki, Minnetonka, for Robbinsdale Independent School Dist. No. 281.

Hubert H. Humphrey, III, Atty. Gen., Catharine F. Haukedahl, Sol. Gen., Myron W. Orfield, Jr., Sp. Asst. Atty. Gen., St. Paul, for amicus curiae.

Considered, and decided by CRIPPEN, P.J., and GARDEBRING and FLEMING,* JJ.

## OPINION

GARDEBRING, Judge.

This is a remand from the supreme court ordering this court to consider the applicability and constitutionality of Minn.Stat. § 541.073 (Supp.1989). Respondents contend section 541.073 is not rationally related to a legitimate government purpose and violates their right of due process of law. They also argue that section 541.073 is special legislation in violation of the Minnesota Constitution. We reverse and remand.

## FACTS

Appellant K.E. alleges his fifth grade teacher, respondent Robert Hoffman, sexually assaulted him on two occasions during the fall of 1975. The facts are not entirely clear, but apparently appellant, at some time after the alleged abuse but before eighth grade, suffered traumatic amnesia, which inhibited his memory of the assaults. On August 29, 1983, appellant became 18 years old, and soon after he enlisted in the Navy. While in the Navy, appellant's memories of the sexual abuse resurfaced, causing nightmares and other trauma which ultimately led to a psychological breakdown and his discharge from the Navy in March 1986.

Appellant commenced this action in February 1988. In addition to alleging that Hoffman sexually abused him, appellant claims respondent Robbinsdale Independent School District No. 281 is vicariously liable, as an employer, for Hoffman's actions. Furthermore, appellant alleges that Hoffman negligently failed to provide proper counseling and supervision.

In turn, respondents moved for summary judgment, asserting appellant's claims were barred by the general statute of limitations. Minn.Stat. § 541.07(1) (1988). The trial court concluded the statute of limitations was suspended until appellant's discharge from the Navy in March 1986. Minn.Stat. § 541.15(a)(1), (5) (1988). Therefore, appellant had one year after his discharge from the Navy to commence his law suit. By waiting until February 1988 to bring this cause of action, appellant's claims were time barred, and consequently the trial court granted respondents' motion for summary judgment.

Appellant filed a notice of appeal. While the appeal was pending, the Minnesota Legislature enacted Minn.Stat. § 541.073 (Supp.1989) which states a sexual abuse claim does not arise until the victim knew or had reason to know his injury was caused by abuse. On July 13, 1989, this court reversed the trial court's grant of summary judgment and remanded the case for trial. Respondents petitioned the supreme court for review of this court's July order. The supreme court granted respondents' petitions for the limited purpose of remanding the case to this court to consider the issues raised on appeal, including the applicability and constitutionality of Minn. Stat. § 541.073. Subsequently, the attorney general was granted leave to intervene.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ISSUES

1. Did the legislature intend Minn.Stat. § 541.073 (Supp.1989) to be retroactively applied?

2. Does Minn.Stat. § 541.073 (Supp. 1989) deprive respondents of due process of law by reviving appellant's sexual abuse claim against them?

3. Is Minn.Stat. § 541.073 (Supp.1989) unconstitutional because it is not rationally related to a legitimate government interest?

4. Does Minn.Stat. § 541.073 (Supp. 1989) violate the constitution because it is special legislation?

5. If Minn.Stat. § 541.073 (Supp.1989) is correctly applied to this case, is appellant's claim alleging sexual abuse time barred?

## ANALYSIS

Minn.Stat. § 541.073 (Supp.1989) provides:

> An action for damages based on personal injury caused by sexual abuse must be commenced, in the case of an intentional tort, within two years, or, in the case of an action for negligence, within six years of the time the plaintiff *knew or had reason to know* that the injury was caused by the sexual abuse.

(Emphasis added.) A proviso to the statute states:

> Notwithstanding any other provision of law, a plaintiff whose claim is otherwise time-barred has until August 1, 1990, to commence a cause of action for damages based on personal injury caused by sexual abuse if the plaintiff proves by a preponderance of the evidence that the plaintiff consulted an attorney to investigate a cause of action for damages based on personal injury caused by sexual abuse within two years of the time the plaintiff knew or had reason to know that the injury was caused by the sexual abuse.

1989 Minn. Laws ch. 190, § 7. Moreover, section 541.073 is "effective the day following final enactment" and applies "to actions pending on or commenced on or after that date." 1989 Minn. Laws ch. 190, § 6.

### I.

Respondents first argue the legislature did not intend section 541.073 to be applied retroactively. Minnesota laws are presumed to have no retroactive effect "unless clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (1988); *Mason v. Farmers Insurance Companies*, 281 N.W.2d 344, 348 (Minn. 1979). However, language applying a statute to "all cases pending" and establishing an immediate effective date overcomes the presumption against retroactive application. *Leiser v. Sexton*, 441 N.W.2d 805, 807 (Minn.1989). An action on appeal is regarded as a pending action. *Holen v. Minneapolis–St. Paul Metropolitan Airports Commission*, 250 Minn. 130, 136–37, 84 N.W.2d 282, 287 (1957). Because section 541.073 expressly applies to all cases pending and becomes effective the day following its enactment, we conclude the legislature intended it to be applied retroactively. *See* 1989 Minn. Laws ch. 190, § 6.

### II.

Respondents argue section 541.073 deprives them of due process of law by reviving appellant's time-barred sexual abuse claim. First, respondents contend the trial court's judgment barring appellant's claim invests them with a private interest which the retroactive application of section 541.073 constitutionally impairs. Indeed, the fourteenth amendment prohibits retroactive legislation when it divests any private vested interest. *Holen*, 250 Minn. at 137, 84 N.W.2d at 287. However, a trial court judgment is not sufficiently fixed or established to be a vested right. *Olsen v. Special School District No. 1*, 427 N.W.2d 707, 711 (Minn.Ct.App.1988). In this case the trial court granted respondents summary judgment before enactment of section 541.073, but before final judgment of the case on appeal. For this reason, the judgment in favor of respondents was not sufficiently fixed to accord them a constitutionally protected vested right.

Second, respondents argue they have a vested right in the limitations stat-

ute, that is, a right to be free from appellant's claim after the general statute of limitations expired. Minn.Stat. § 541.07(1). We acknowledge that the question whether this statute accords respondents a constitutionally protected right hinges on which of three types of statutes of limitation was involved. *See Donaldson v. Chase Securities Corp.*, 216 Minn. 269, 274–77, 13 N.W.2d 1, 4–5 (1943), *aff'd*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945). Plainly, the limitations statute in the present case is not analogous to one involving adverse possession where the passage of time extinguishes the plaintiff's right and remedy, and gives the defendant a vested property right. Moreover, section 541.07(1) is distinguishable from a second class of statutes which creates both a cause of action and a limitation period within which the action must be brought. Instead, in this case, only the appellant's remedy against respondents, and not the parties' respective rights, was affected when the limitations period expired. A limitations statute which applies merely to a party's remedy does not create a vested right in respondents. *See Donaldson*, 216 Minn. at 276, 13 N.W.2d at 5. Accordingly, we hold the legislature did not impair respondents' due process rights by enacting section 541.073 which lifted the limitations bar and revived appellant's claim against them.

■ Finally, respondents contend that retroactive application of section 541.073 is unconstitutional because it works a special hardship upon them. *See Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 316, 65 S.Ct. 1137, 1143, 89 L.Ed. 1628 (1945). This argument is not persuasive. Upon further scrutiny, we conclude the hardship or oppressive effects envisioned by the Supreme Court in *Chase Securities* must follow from a just and reasonable reliance upon the limitations statute in question. The alleged sexual abuse of appellant in 1975, in other words, would have to have been undertaken under the assumption the limitations period would continue in effect. This is not the case here.

## III.

Respondents also argue section 541.073 is unconstitutional on its face. It is a basic principle that a statute is presumed constitutional and the burden is on the challenging party to prove its invalidity. *Essling v. Markman*, 335 N.W.2d 237, 239 (Minn. 1983). Absent a fundamental right, minimal judicial scrutiny is the correct standard of review. *Id.* To prevail on appeal, therefore, respondents must show that section 541.073 is not rationally related to the achievement of a legitimate governmental purpose. *Id.* In applying the rational basis standard, it is not this court's role to question the factual accuracy or political wisdom of the judgments underlying enactment of the statute. *AFSCME Councils 6, 14, 65 and 96, AFL–CIO v. Sundquist*, 338 N.W.2d 560, 570 (Minn.1983).

Respondents concede the legislature's purpose was legitimate. Section 541.073 provides the opportunity to establish the liability of those who are responsible for causing sexual abuse injuries and to compensate their victims. Respondents contend, however, the means the legislature employed in section 541.073 are not rationally related to its purpose.

Specifically, respondents argue section 541.073 fails to meet the rational basis standard for three reasons. First, commencement of the claim may occur many years after the actual occurrence of the alleged sexual act. Second, respondents contend that application of the statute to pending actions is unnecessary to accomplish the aim of providing a remedy for sexual abuse victims. Finally, respondents allege the statute's proviso extending the limitation period for time-barred claims to August 1, 1990, exceeds what is necessary to fulfill the legislature's purpose. *See* 1989 Minn. Laws ch. 190, § 7.

■ Respondents arguments are without merit. Indeed, section 541.073 embraces a discovery rule, which, as respondents assert, may toll the start of the statute of limitations period for a long time after the abuse incident. Nonetheless, the statute plainly reflects awareness of the difficulty sexual abuse victims have in identifying

and recognizing their injuries immediately. Research shows victims of sexual abuse may repress the memory of such incidents, and not discover the actual source of their problems for many years.[1] In acknowledging this problem, the legislature, by enacting section 541.073, limits the possibility of the general statute of limitation barring a claim for sexual abuse, and holds the sexual abuser liable for his offenses. Because we are not in the position to judge the wisdom of the legislation, where, as here, the statute has a reasonable relation to the state's legitimate purpose of affording sexual abuse victims a remedy, we reject respondents' due process claims. *See AFSCME Councils*, 338 N.W.2d at 570. *See also Nachtsheim v. Wartnick*, 411 N.W.2d 882, 887 (Minn.Ct.App.1987) (retroactive application of a wrongful death statute is rationally related to its purpose of punishing murderers and compensating the deceased victims), *pet. for rev. denied* (Minn. Oct. 28, 1987).

## IV.

Respondents argue Minn.Stat. § 541.073 violates article 12, section 1 of the Minnesota Constitution which prohibits special legislation. The section reads:

In all cases when a general law can be made applicable, a special law shall not be enacted except as provided in section 2. Whether a general law could have been made applicable in any case shall be judicially determined without regard to any legislative assertion on that subject.

Minn. Const. art. 12, § 1.

■ The prohibition against special legislation does not prevent the legislature from creating classes and applying different rules to different classes. *In re Tveten*, 402 N.W.2d 551, 558 (Minn.1987). Nonetheless, if the classification is so patently arbitrary as to demonstrate constitutional evasion, the courts will void the enactment. *Id.* The classification will be constitutional if:

(a) the classification applies to and embraces all who are similarly situated with respect to conditions or wants justifying appropriate legislation; (b) the distinctions are not manifestly arbitrary or fanciful but are genuine and substantial so as to provide a natural and reasonable basis justifying the distinction; and (c) there is an evident connection between the distinctive needs peculiar to the class and the remedy or regulations therefor which the law purports to provide.

*Id.* at 558–59 (quoting *Wichelman v. Messner*, 250 Minn. 88, 119, 83 N.W.2d 800, 824 (1957)):

■ Respondents' argument is without merit. First, section 541.073 applies to all individuals who claim damages for injuries arising out of sexual abuse. Second, the distinction between victims of sexual abuse and victims of other torts is not arbitrary or fanciful. Sexual abuse victims are more likely to repress the memory of the abusive incident, and the psychological injuries caused by sexual abuse are different than for victims of other torts. Note, *Civil Claims of Adults Molested as Children: Maturation of Harm and the Statute of Limitations Hurdle*, 15 Fordham Urb.L.J. 709, 711–712. These differences reasonably justify the legislature's decision to entitle sexual abuse victims to a specific statute of limitations. Finally, sexual abuse victims benefit from the discovery rule of section 541.073 because memory of the abusive incident is sometimes repressed, and consequently their claims are barred by the general statute of limitations.

■ In addition, respondents' argument that section 541.073 is special legislation because appellant's counsel lobbied the Minnesota Legislature for enactment of this statute is without merit. Legislative history indicates other people testified and the legislature had a number of other sources it relied upon in enacting the statute. Moreover, respondents' reliance on

---

**1.** Rosenfield, *The Statute of Limitations Barrier in Childhood Sexual Abuse Cases: The Equitable Estoppel Remedy*, 12 Harv. Women's L.J. 206, 208–210 (1989); Note, *Civil Claims of Adults Molested as Children: Maturation of Harm and the Statute of Limitations Hurdle*, 15 Fordham Urb.L.J. 709, 717 (1987).

*Szroka v. Northwestern Bell Telephone Co.*, 171 Minn. 57, 213 N.W. 557 (1927), is misplaced. Unlike section 541.073, which applies to all injuries from sexual abuse, the statute in *Szroka* was limited to only three cities and related only to injuries already sustained. *Szroka*, 171 Minn. at 62, 213 N.W. at 559.

## V.

Since we conclude section 541.073 retroactively applies to this case, the question arises when appellant knew or should have known that the alleged abuse was the cause of his injuries. Since this is a question of fact which the trial court did not consider, the case must be remanded for a trial on the merits.

## DECISION

Minn.Stat. § 541.073 (Supp.1989) applies to this case. Appellant's case was pending at the time section 541.073 was enacted, thereby overcoming the presumption against retroactive application of statutes. Further, section 541.073 is rationally related to a legitimate government purpose of holding sexual abuse offenders liable for their action and is not special legislation. Moreover, the retroactive application of section 541.073 does not impair respondents' right to due process of law. Since section 541.073 meets constitutional muster and its application is appropriate and does not violate respondents' due process rights, we reverse the trial court's grant of summary judgment to respondents and remand the case for a trial on its merits.

Reversed and remanded.