H.D., Respondent,

v.

Robert WHITE, Appellant, (C7–91–2100),

Young Life Ministry, Appellant
(C4–91–2071).

Nos. C4–91–2071, C7–91–2100.

Court of Appeals of Minnesota.

April 7, 1992.

Jeffrey R. Anderson, Susan Ford Bedor, Reinhardt & Anderson, St. Paul, for respondent.

Michael S. Kreidler, Leo I. Brisbrois, Stich, Angell, Kreidler & Muth, P.C., Minneapolis, for appellant (C7–91–2100).

Eric J. Magnuson, Keith J. Kerfeld, Deborah C. Eckland, Rider, Bennett, Egan & Arundel, Minneapolis, for appellant (C4–91–2071).

Considered and decided by RANDALL, P.J., and HUSPENI and SHORT, JJ.

## OPINION

SHORT, Judge.

This lawsuit involves allegations by a victim of sexual abuse against the director of a non-denominational youth group. The trial court granted summary judgment based on the statute of limitations. The victim moved for reconsideration based on an amendment to Minn.Stat. § 541.073 which extended the time for bringing a lawsuit based on intentional acts of sexual abuse. The trial court then vacated the judgment and reinstated the victim's entire lawsuit. On appeal, the director and the youth group argue the trial court erred in interpreting 1991 Minn. Laws ch. 232, § 5. We agree and reverse.

## FACTS

In March of 1988 H.D. (victim) filed a complaint against Robert White (director) and Young Life Ministry (youth group) alleging (1) the director intentionally and negligently abused him between 1972 and

1974, and (2) the youth group is liable for the acts of its director and for its own negligent supervision of the director. It is undisputed the victim knew he had been injured by the alleged sexual misconduct of the director seven years prior to initiating this lawsuit. The sole issue before us is whether a 1991 amendment to Minn.Stat. § 541.073 revives the victim's time-barred claims against the director and the youth group.

## ISSUE

Does 1991 Minn. Laws ch. 232, § 5 revive a cause of action which would be time-barred under the six-year statute of limitations?

## ANALYSIS

■ Statutory interpretation based on a given set of facts is a question of law, and we need not defer to the ultimate decision of the trial court. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984); *Department of Pub. Safety v. Van Bus Delivery Co.*, 400 N.W.2d 759, 760 (Minn. App.1987). The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Minn.Stat. § 645.16 (1990); *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986). Where the language of a statute is ambiguous, we determine the probable legislative intent and give the statute a construction consistent with that intent. *Tuma*, 386 N.W.2d at 706.

■ In 1989, the Minnesota Legislature enacted a law changing the statute of limitations for civil actions arising out of sexual abuse. *See* 1989 Minn. Laws ch. 190. Under the new law, known as the "delayed discovery" rule, the statute of limitations begins to run when a "plaintiff knew or had reason to know that the injury was caused by the sexual abuse," rather than when the abuse actually occurred. *Id.*, § 2. The 1989 law also contained a provision which gave plaintiffs whose claims would be time-barred under the previous statute of limitations a one-year window to commence a cause of action for damages based on personal injury caused by sexual abuse. *Id.*, § 7.

On May 28, 1991, the legislature enacted another law changing the statute of limitations in civil actions arising from sexual abuse. *See* 1991 Minn.Laws ch. 232, § 1. The 1991 law changed the statute of limitations for an intentional tort based on sexual abuse from two to six years. *Id.* Like the 1989 law, it included a "window" provision:

> Notwithstanding any other provision of law, a plaintiff whose claim would otherwise be time-barred under Minnesota Statutes 1990 has until August 1, 1992, to commence a cause of action for damages based on personal injury caused by sexual abuse.

*Id.*, § 5.

The victim argues section 5 of the 1991 amendment revives all claims otherwise time-barred, including claims barred under section 1 of the same amendment. Under that interpretation, a claim for sexual abuse could be brought during the one-year window even though more than six years had elapsed from the time the plaintiff knew or should have known the injury was caused by sexual abuse. The victim, in other words, envisions a wholesale revival of claims long stale.

The statutory language does not support the victim's interpretation. Indeed, the statute is ambiguous. The key ambiguity is the scope of the introductory proviso to section 5: does "any other provision of law" include or exclude section 1 of chapter 232? In addition, does section 5 apply only to intentional torts or to negligence actions as well? Because of these ambiguities in the wording of the amendment, it is necessary for us to determine the probable legislative intent. *See Tuma*, 386 N.W.2d at 706.

When the words of a law are not explicit, the intention of the legislature may be ascertained by considering, among other things, the contemporaneous legislative history. *See* Minn.Stat. § 645.16 (1990); *McMains v. Commissioner of Pub. Safety*, 409 N.W.2d 911, 914 (Minn.App.1987). While the rules of both the house and sen-

ate state tapes of proceedings are not to be used to determine legislative intent, the victim and the youth group have each referred to transcripts of legislative committee hearings and floor debate to support their respective interpretations of chapter 232, section 5. *See* House Rules 1.8, 6.6, Senate Rule 65. We need not decide the appropriateness of the offered evidence because we find these materials largely unhelpful to resolution of the primary interpretive issue in this case. *Cf. Handle With Care, Inc. v. Department of Human Servs.*, 406 N.W.2d 518, 522 (Minn.1987) (tapes of legislative proceedings may be considered if helpful in interpreting a statute).

In ascertaining legislative intent, we presume the legislature does not intend an absurd or unreasonable result. Minn.Stat. § 645.17(1) (1990); *Salmen v. City of St. Paul*, 281 N.W.2d 355, 361 n. 8 (Minn.1979). Reading section 5 to revive all claims is a possible interpretation, but it is patently inconsistent with section 1 of chapter 232. If section 5 is construed to apply to all sexual abuse claims which would be time-barred under Minnesota Statutes 1990, it could be used to revive claims arising from sexual abuse when the victim knew or had reason to know decades ago that the injury resulted from the abuse. We decline to find the legislature intended such an absurd result, particularly where section 1 of the same act explicitly provides that all claims arising from sexual abuse must be brought within six years of when the plaintiff knew or had reason to know the injury was caused by the abuse. We interpret "any other provision of law" in section 5 not to negate the operation of section 1 of the same law. *See* Minn.Stat. § 645.17(2) (1990) (legislature is presumed to intend the entire statute to be effective and certain).

Statutes of limitation represent a legislative judgment that it is unjust to fail to put an adversary on notice to defend within a specified period of time. *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). They protect defendants and the court from litigating stale claims in which the search for truth may be seriously impaired by the loss of evidence, the death or disappearance of witnesses, fading memory, and the disappearance of documents. *Id.; accord Wichelman v. Messner*, 250 Minn. 88, 107, 83 N.W.2d 800, 816–17 (1957).

In section 1 of Chapter 232, the legislature clearly expressed its intent to require all sexual abuse claims to be commenced within six years of when the victim knew or had reason to know that the injury was caused by the abuse. We therefore hold that section 5 applies only to claims which would have been time-barred under the previous two-year statute of limitations for intentional torts based on sexual abuse but which would not be time-barred under the new six-year statute.

This interpretation of section 5 accords with the basic purpose of the statute of limitations in Minn.Stat. § 541.073 and also with the specific change in the statute effected by the 1991 amendment. In particular, the rationale which supported a broad application of the window provision in the 1989 amendment does not exist in the 1991 amendment. The 1989 amendment changed the starting point of the statute of limitations from the time of the abuse to the time of discovery of the injury. The window provision was therefore added to allow claims by sexual abuse victims which would have been time-barred under the old statute due to the length of time which had passed since the actual abuse. By contrast, the 1991 amendment merely changed the limitations period for intentional torts from two to six years. Thus, the only sexual abuse victims who would need a window provision to revive claims which would have been time-barred prior to the 1991 amendment are those with claims between two and six years old.

The victim also argues section 5 of the 1991 amendment is intended to apply not only to intentional torts but also to actions based on negligence or *respondeat superior*. We disagree. The effect of the 1989 amendment was to trigger the statute of limitations on the victim's discovery of the cause of the injury rather than the misconduct itself. This change affected all sexual

abuse claims whether based on intentional acts or on negligence. By contrast, the only effect of the 1991 amendment is to increase the statute of limitations for intentional torts from two to six years. Unlike the 1989 amendment, nothing in the statutory changes effected by chapter 232 suggests the 1991 window provision applies to claims based on negligence or *respondeat superior.*

## DECISION

1991 Minn. Laws ch. 232, § 5 is ambiguous. To interpret section 5 to revive all time-barred claims involving sexual abuse is unreasonable and absurd. The window provision revives only claims which would have been barred under the previous two-year statute of limitations for intentional torts but not under the new six-year statute. The trial court erred in holding the amendment revived the victim's time-barred claims.

Reversed.