Kathryn **PARK**, Appellant,

v.

Desmond C. **GRAVETT,**
M.D., Respondent.

No. CX–93–2550.

Court of Appeals of Minnesota.

Sept. 13, 1994.

Review Granted Nov. 10, 1994.

Jeffrey R. Anderson, Teresa K. Fett, Mark Wendorf, Reinhardt and Anderson, St. Paul, for appellant.

Phillip A. Cole, Kay Nord Hunt, Mary I. King, Lommen Nelson, Cole & Stageberg, P.A., Minneapolis, for respondent.

Considered and decided by KLAPHAKE, P.J., and RANDALL and NORTON, JJ.

## OPINION

NORTON, Judge.

Appellant contends the trial court erred in granting summary judgment for respondents on statute of limitations grounds. Under the window provision of the statute of limitations for sexual abuse cases, appellant has a timely claim against respondent. We reverse and remand for trial.

## FACTS

This action arises out of a relationship between appellant Kathryn Park and her psychiatrist, respondent Desmond Gravett, M.D. After several years of suffering from agoraphobia, a fear of open spaces, appellant consulted respondent for psychiatric treatment in February 1975. By July 1975, their doctor-patient relationship developed into a sexual relationship. Appellant continued to see respondent as her psychiatrist until June 1976. In February 1977, respondent confirmed his role as appellant's doctor by sending a letter to appellant's employer regarding her sick leave status. Respondent terminated the sexual relationship in May 1979.

Appellant considered this relationship an "affair" at the time and for many years after.

During their relationship, appellant felt "guilty, shameful, humiliated, and not worthy of a relationship, but felt that Dr. Gravett really cared for me." Appellant said she felt powerless to stop the relationship, despite her guilt over an affair with a married man, because she depended upon respondent and he had control over her emotionally, psychologically, financially, and physically.

For purposes of legal argument, appellant admits that as of March 22, 1984, she knew or had reason to know that she had been injured as a result of sexual abuse. She arrived at that conclusion through group therapy in which she realized that respondent's behavior had been improper. Appellant discussed her claim with an attorney in 1985, but took no action until she brought this suit in 1992.

In her amended complaint, appellant alleged sexual abuse/battery. Respondent moved for summary judgment and the court granted it on the basis of an expired statute of limitations. The court also awarded respondent $2000 in fees. Appellant moved for reconsideration under Minn.Stat. § 541.073 (Supp.1991) and *H.D. v. White*, 483 N.W.2d 501 (Minn.App.1992). The district court summarily denied this motion and awarded respondent another $500 in fees.

### ISSUE

Did the trial court err when it granted summary judgment for respondent on the grounds that appellant's claim was untimely under the delayed discovery statute of limitations for sexual abuse cases?

### ANALYSIS

On appeal from summary judgment, this court must determine whether any issues of material fact exist and whether the district court erred in applying the law. *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn.1992). When reviewing summary judgment based upon a statute of limitations, our decision rests, in part, upon construction of that statute, a question of law which we consider de novo. *Ryan v. ITT Life Ins. Corp.*, 450 N.W.2d 126, 128 (Minn. 1990).

Appellant contends summary judgment was improper because she has a viable claim under Minn.Stat. § 541.073 (Supp.1991). Analysis of this case requires the court to harmonize the applicable statute of limitations, its window provision, and judicial precedent interpreting the statute.

Under the "delayed discovery" statute of limitations as originally enacted,

[a]n action for damages based on personal injury caused by sexual abuse must be commenced, in the case of an intentional tort, within two years, or, in the case of an action for negligence, within six years of the time the plaintiff knew or had reason to know that the injury was caused by the sexual abuse.

Minn.Stat. § 541.073 (1990); 1989 Minn.Laws ch. 190, § 2. The Minnesota Legislature amended this statute in 1991 to allow a plaintiff six years to bring an action, regardless of whether the claim was based upon intentional or negligent tort. *See* Minn.Stat. § 541.073, subd. 2 (Supp.1991). Along with this amendment, the legislature also included a window provision:

Notwithstanding any other provision of law, a plaintiff whose claim would otherwise be time-barred under Minnesota Statutes 1990 has until August 1, 1992, to commence a cause of action for damages based on personal injury caused by sexual abuse.

1991 Minn.Laws ch. 232, § 5. This court held that the 1991 window provision applies:

only to claims which would have been time-barred under the previous two-year statute of limitations for intentional torts based on sexual abuse but which would not be time-barred under the new six-year statute.

*H.D. v. White*, 483 N.W.2d 501, 503 (Minn. App.1992). Thus, under *H.D.*, in order to fall under the window provision and preserve her claim, appellant needed to have a claim between two and six years old. This requirement begs the key question in this case: When do we measure the age of her claim?

We conclude that the appropriate measure is at the effective date of the 1990 statute. The 1991 window provision specifically requires the claim to have been time-

barred under "Minnesota Statutes 1990." *See* 1991 Minn.Laws ch. 232, § 5. Section 541.073, as originally enacted, took effect May 20, 1989 and remained in effect until amended May 29, 1991. *See* 1989 Minn.Laws ch. 190, § 6; 1991 Minn.Laws ch. 232, § 4. Had the legislature intended claims to be measured as of the date of the 1991 amendment, it would have specified such terms in the text of the 1991 window provision.

In granting summary judgment, the district court erroneously focused only on the fact that appellant brought her claim in 1992, eight years after discovery of the injury. This decision ignores the relief that the window provision offers plaintiffs like appellant. The necessary focal point is the status of appellant's claim under the 1990 statute.

Appellant has admitted that she knew or should have known she had been injured by sexual abuse as of March 22, 1984. Under Minn.Stat. § 541.073 (1990), which allowed two years within which to bring an action based upon intentional tort, appellant's claims were time-barred as of March 22, 1986. Thus, she met the requirement of the window provision because she had a claim that was "time-barred under Minnesota Statutes 1990." *See* 1991 Minn.Laws ch. 232, § 5. In addition, appellant's claim was still between two and six years old at the time the statute was enacted in 1989. Thus, she also satisfies the rule in *H.D.* that the window provision will not extend to a claim over six years old. *H.D.*, 483 N.W.2d at 501–02 (court refused to revive a claim of victim who had been abused from 1972–74, knew of the abuse as of 1981, and brought suit in 1988). Under the legislature's window provision and *H.D.*, appellant has a viable claim for trial.

### DECISION

The 1991 window provision revived appellant's claim of sexual abuse against respondent because her claim was less than six years old and time-barred under Minnesota Statutes 1990. Summary judgment was improper. The attorney fees awarded consequent to summary judgment and the motion for reconsideration are also improper and must be vacated.

**Vacated in part, reversed and remanded.**