529 N.W.2d 520 (1995)
Beverly Armella GREEN, f/k/a Beverly Zahler, Appellant,
v.
Stuart SAWDEY, St. Michael-Albertville School District No. 885, Respondents.
No. C2-94-2195.
Court of Appeals of Minnesota.
April 11, 1995.
Review Denied June 14, 1995.
Paul J. Lukas, Nichols, Kaster & Anderson, Minneapolis, for appellant.
Lisa M. Elliott, Dunn & Elliott, P.A., St. Paul, for respondent Sawdey.
Kelly Ann Putney, Donna J. Blazevic, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for respondent St. Michael-Albertville School Dist. No. 885.
*521 Considered and decided by DAVIES, P.J., RANDALL and MULALLY,[*] JJ.

OPINION
EDWARD D. MULALLY, Judge.
Appellant Beverly A. Green challenges the trial court's grant of summary judgment to respondents Stuart Sawdey and St. Michael-Albertville School District No. 855 in her sexual assault and battery action. She claims the trial court erred in finding that her claim is barred by the six-year statute of limitations applicable to civil actions for sexual abuse. We affirm.

FACTS
Appellant Beverly A. Green (Green), formerly known as Beverly Zahler, met respondent Stuart Sawdey (Sawdey) in the mid-1970s when Sawdey was the band director for the St. Michael-Albertville high school. Green was one of his students from 1976-79, although she had first met Sawdey before she entered high school. According to Green, her student-teacher relationship with Sawdey grew into a sexual relationship in 1977. He began kissing and fondling her during the summer of 1977, and he eventually forced her to have sexual intercourse at his home in April 1978. They also had consensual intercourse in the band room in September or October of 1978. Their sexual relationship ended in the fall of 1978 after he began paying attention to another student.
During their relationship, Green believed that she loved Sawdey and that he returned her love, although he never told her he loved her. After their first instance of intercourse, she believed that he would leave his wife and marry her.
Green's behavior changed markedly soon after their sexual relationship ended. She became depressed, lost self-esteem, became promiscuous and rebellious, and began using drugs. During her senior year, Green became pregnant by another student and had an abortion. She claims her current sexual problems with her husband stem from her relationship with Sawdey.
Green did not repress her memory of the relationship, but she told no one about it until 1984. At that time, when she told her fiance about the first act of sexual intercourse with Sawdey, he became very angry and described the act as rape. Their argument following this disclosure eventually led them to break off their engagement. Green also told her husband about the relationship in 1985 or 1986.
According to Green, it was not until January of 1993 that she realized that her relationship with Sawdey constituted sexual abuse. In 1991, she had told a friend that she participated in "an affair" with a teacher while she was in high school. Through her association with others in parenting and prayer groups, she began to suspect, and others affirmed, that she had been sexually abused. After a revelation during a prayer meeting in 1993, Green finally admitted to herself and others that the relationship amounted to sexual abuse. She then initiated this action against Sawdey and respondent St. Michael-Albertville School District No. 885 (school district). The district court granted summary judgment to both defendants, determining that the action was barred by the statute of limitations applicable to civil actions for sexual abuse.

ISSUE
Did the trial court err in granting summary judgment to the respondents because there is no material fact issue on whether Green's action is time-barred by the statute of limitations?

ANALYSIS
On appeal from summary judgment, this court must determine whether there are any issues of material fact and whether the trial court erred in applying the law. Niccum v. Hydra Tool Corp., 438 N.W.2d 96, 98 (Minn. 1989). We must view the evidence in the light most favorable to the non-movant. *522 Grondahl v. Bulluck, 318 N.W.2d 240, 242 (Minn.1982).
Actions for damages caused by sexual abuse must commence "within six years of the time plaintiff knew or had reason to know that the injury was caused by the sexual abuse." Minn.Stat. § 541.073, subd. 2(a) (1992); see K.E. v. Hoffman, 452 N.W.2d 509, 513-14 (Minn.App.1990) (upholds constitutionality of statute of limitations for sexual abuse cases), pet. for rev. denied (Minn. May 7, 1990). The trial court determined that as of October 1984, Green knew or should have known that Sawdey had sexually abused her. The court held that Green's action, which commenced nine years later, was time-barred.
Courts apply an objective standard in determining when a sexual abuse victim knew or should have known of injuries caused by the abuse. Roe v. Archdiocese of St. Paul & Minneapolis, 518 N.W.2d 629, 632 (Minn.App.1994), pet. for rev. denied (Minn. Aug. 24, 1994); ABC & XYZ v. Archdiocese of St. Paul & Minneapolis, 513 N.W.2d 482, 486 (Minn.App.1994). Summary judgment is proper when the record conclusively establishes that no material facts exist on this issue. Id.
We agree with the trial court's determination that the record shows that Green should have known no later than 1984 that Sawdey had injured her. She remembers clearly the details of her relationship with Sawdey. Her deposition testimony also establishes that she knew that Sawdey was married, that she did not consent to the first instance of sexual intercourse, that she was psychologically and physically injured by the abuse, and that her life profoundly changed immediately after the abuse. The most conclusive evidence of her knowledge of the abuse is her 1984 disclosure to her fiance of some details of the relationship. When she told him about her relationship with Sawdey, he became very angry and flatly told her that she had been raped. On this record, we conclude the district court properly granted summary judgment because there is no material fact issue on whether Green's action is time-barred by Minn.Stat. § 541.073, subd. 2(a). See id.
Green claims that her case should be decided similarly to Blackowiak v. Kemp, 528 N.W.2d 247 (Minn.App.1995), a sexual abuse case where this court reversed a grant of summary judgment to defendants. We disagree. Blackowiak concerned a claim by a victim abused at age 11 who told no one of the abuse and demonstrated no injury from the abuse for many years. Id. at 251-252. Here, by contrast, Green's abuse occurred when she was much older and could be expected to recognize the effects of the abuse; she told others of the abuse; and there is a strong causal connection between the abuse and her injuries. Application of the objective standard to the facts of this case supports the result reached by the district court. See Roe, 518 N.W.2d at 632; ABC, 513 N.W.2d at 487. Although we affirm summary judgment, this disposition does not reflect our opinion on the merits of Green's claim.

DECISION
The district court properly granted summary judgment on this case because the evidence conclusively established that Green knew or should have known no later than 1984 that she was injured by sexual abuse. Her 1993 claim is thus time-barred under Minn.Stat. § 541.073, subd. 2(a).
Affirmed.
NOTES
[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.