**S.E., Appellant,**

v.

**SHATTUCK–ST. MARY'S SCHOOL, Michael Pullen, Respondents.**

**No. C3–95–59.**

Court of Appeals of Minnesota.

June 27, 1995.

Review Denied Aug. 30, 1995.

Considered and decided by HARTEN, P.J., and RANDALL and SCHULTZ,* JJ.

## OPINION

RANDALL, Judge.

Appellant S.E. filed a complaint in 1993 seeking damages from respondents Shattuck–St. Mary's School and Michael Pullen for injuries caused by alleged sexual abuse in 1973–74. The district court granted respondents' summary judgement motion, ruling S.E.'s complaint is time-barred by the applicable statute of limitations contained in Minn.Stat. § 541.073, subd. 2(a) (1992). We affirm.

## FACTS

Appellant S.E. was fourteen in 1973 when respondent Michael Pullen is alleged to have sexually abused him. Appellant attended Shattuck–St. Mary's School for his eighth and ninth grade years.

In 1972, appellant enrolled in Shattuck for his eighth grade year. There was no contact between Pullen and appellant during eighth grade. Appellant returned to Shattuck for the ninth grade in 1973. Pullen was his teacher in ninth grade.

In December 1973, Pullen allegedly asked appellant to follow him to his office. Once there, Pullen allegedly engaged appellant in reciprocal oral sex. Appellant never questioned what was happening. Appellant tried to avoid Pullen thereafter, but when Pullen said for appellant to follow him, appellant followed several different times.

During the second incident, appellant questioned Pullen if what they were doing was all right. Pullen answered that it was "okay" and that two other students were also part of this special group. Appellant did not ask Pullen again if their actions were all right.

During one incident, appellant asked if he might have sex with Pullen's wife. Pullen

Leanne G. Litfin, Messerli & Kramer, P.A., Minneapolis, for appellant.

Dan T. Ryerson, Gislason, Martin & Varpness, P.A., Jack S. Nordby, Meshbesher & Spence, Minneapolis, for respondents.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI § 10.

said that he would arrange the meeting. A dinner was arranged for the three of them, but no sex occurred because appellant thought Pullen's wife was unattractive.

Sometime during the 1973–74 school year, Pullen took some nude photographs of appellant on Shattuck's grounds. Appellant does not know where the photos went. Only one photograph session took place.

Oral sex continued between appellant and Pullen on about a biweekly basis for the rest of the 1973–74 school year. The incidents usually occurred in Pullen's office, but sometimes occurred elsewhere on school grounds. After each incident, appellant would go to the basement chapel and cry under the pews. At times he would stay there for hours at a time.

After the abuse began, appellant began to skip classes and leave Shattuck grounds. This happened a number of times and each time he was reinstated after some room confinement. Appellant began to experiment with alcohol, and was caught once for being intoxicated. Appellant's grades dropped to D's during his ninth grade year.

During the summer of 1974, appellant told his parents he did not want to return to Shattuck. He did not tell them about the abuse. When his parents wanted appellant to return to Shattuck, appellant's behavior changed. Appellant was argumentative, disrespectful, and he started to use alcohol and marijuana more regularly.

A week before appellant was supposed to go back to Shattuck, appellant ran away from home. Appellant was found by the police and booked into Abbott Northwestern Psychiatric Unit for Children because he refused to go back to his parents. From Abbott Hospital, appellant was transferred to the St. Cloud Children's Home and then to the Gilfillan Residence for Children in Bemidji. Appellant stole $2000 from his probation officer at Gilfillan. Appellant was then transferred to the Red Wing Facility for Adolescents in

April of 1975 and spent the next two years there. At each of these places, appellant was seen by a psychologist, counselor, or social worker. Appellant never told anyone about the abuse at Shattuck.

After Red Wing, he completed his high school degree at Burnsville Senior High and completed a cosmetology course to become a hair dresser. Appellant worked at a string of different hairdressing jobs from 1978 until the present. Appellant moved to Arizona in 1990 to work in a salon. In Arizona, appellant saw a psychologist but did not mention anything about the sexual abuse. Appellant operated a salon in 1991–92, but did not make enough money to keep it open.

In October 1992, appellant saw a T.V. news program about victims of sexual abuse by a priest who were sharing their experiences about what the abuse had done to their lives. Appellant states that at that time he realized that many of his problems throughout his life could be traced to and were caused by the abuse at Shattuck.

Appellant testified he never had a close relationship with a woman. Appellant testified he has a fear of commitment and tends to want to hurt and discard any woman who has any real feelings toward him.

After the news program, appellant went to see Dr. Cronin, a clinical psychologist about counseling. Appellant went to see Dr. Cronin on the advice of his attorney. Appellant testified he suffers from depression and has thought of suicide within the past two years.

■ On July 6 and July 20, 1993, appellant served complaints on respondents. S.E. alleged sexual abuse against Pullen and respondeat superior liability against Shattuck.[1] The district court granted summary judgment in favor of respondents, concluding that appellant knew or had reason to know the abuse caused his injuries long before August 1987.

---

1. The district court held that the respondeat superior claim was governed by the same statute of limitations as the abuse claim. We reject the district court's advisory opinion on the respondeat superior issue. The parties agreed in their briefs and oral arguments that Minn.Stat.

§ 541.073, subd. 2(a) does not apply to respondeat superior claims. We agree. *Oelschlager v. Magnuson,* 528 N.W.2d 895, 902 (Minn.App. 1995), *pet. for rev. denied* (Minn. Apr. 27, 1995). Appellant's respondeat superior claim against Shattuck should be dismissed.

## ISSUE

Did the district court err in ruling as a matter of law that appellant's claim is time-barred because he had reason to know prior to August 1987 that his injuries were caused by the alleged sexual abuse?

## ANALYSIS

Summary judgment may be granted "when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn.R.Civ.P. 56.03. The reviewing court must determine (1) whether there are any genuine issues of material fact, and (2) whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). In doing so, we view the evidence in the light most favorable to the party against whom summary judgment was granted, and accept as true the factual testimony produced by the nonmovant. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). The construction of a statute is a question of law that we review de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).

Under the delayed discovery rule, the statute of limitations begins to run when a claimant knows or has reason to know that an injury was caused by sexual abuse, rather than when the sexual abuse actually occurred. *H.D. v. White,* 483 N.W.2d 501, 502 (Minn.App.1992). The applicable statute provides:

> An action for damages based on personal injury caused by sexual abuse must be commenced within six years of the time the plaintiff knew or has reason to know that the injury was caused by the sexual abuse.

Minn.Stat. § 541.073, subd. 2(a) (1992).

When reviewing a summary judgment based solely on the running of time under section 541.073, this court assumes that the accused committed sexual abuse, unless the district court has ruled otherwise. *See Roe v. Archdiocese of St. Paul,* 518 N.W.2d 629, 631 (Minn.App.1994), *pet. for rev. denied* (Minn. Aug. 24, 1994). We apply an objective standard when we review whether a reasonable person in plaintiff's situation "should have known" that the sexual abuse caused his injuries. *See ABC v. Archdiocese of St. Paul,* 513 N.W.2d 482, 487 (Minn.App. 1994). S.E. testified the sexual abuse occurred in 1973–74. He filed his complaint in 1993. Thus, summary judgment is appropriate if, as a matter of law, he should have known prior to 1987 that the sexual abuse caused his injuries.

When a plaintiff first knew or had reason to know that sexual abuse caused his injuries often involves a factual determination best resolved by a trial on the merits. *K.E. v. Hoffman,* 452 N.W.2d 509, 515 (Minn.App. 1990), *pet. for rev. denied* (Minn. May 7, 1990). But summary judgment is appropriate if "[t]he record establishes conclusively that [the plaintiff] had reason to know and leaves no question for jury determination." *ABC,* 513 N.W.2d at 486.

Appellant argues the district court erred in relying on *ABC* in granting summary judgment. In *ABC,* this court affirmed summary judgment barring ABC's claim. *Id.* at 487. *ABC* indicated the standard to apply was "whether a reasonable person in [the plaintiff's] 'should have known' of the *abuse.*" *Id.* at 486 (emphasis added). Appellant argues the statute should not run until appellant made the link that his injuries were *caused* by the sexual abuse, not just that he "should have known" he was abused. *See, e.g., Blackowiak v. Kemp,* 528 N.W.2d 247, 251 (Minn.App.1995) (discussing *ABC* analysis and causal link), *pet. for rev. granted* (Minn. Apr. 27, 1995). Appellant relies on the trial court's factual finding that it was not until 1992 that appellant "realized [his injuries] were likely caused by the sexual abuse." We disagree with appellant's statutory construction, and we disagree with the district court's factual finding.

The statutory standard is clear. The standard is whether the victim "*knew or had reason to know*" the "injury was caused by the abuse." Minn.Stat. § 541.073, subd. 2(a) (emphasis added). This is an objective

standard. *See ABC,* 513 N.W.2d at 486. The standard is whether the victim knew or should have known their injuries were caused by the abuse. *Roe,* 518 N.W.2d at 632. This is not a "repressed memory" case. Further, even memory suppression does not toll the limitations period where the victim should have known the abuse was the cause of their injuries before the memory suppression occurred. *Id.*

Under appellant's argument, no claim would ever be barred by the statute of limitations. All claimants would just keep insisting they did not know their injuries were caused by the sexual abuse. To avoid a flood of claims there must be a reasonable and definitive standard. The standard is objective, for there must be some definable guidelines for a court to apply when the victims insist they did not know the abuse caused their injuries. If the victim's actions are such that a reasonable person in the victim's situation should have known their injuries were caused by the abuse, their claim will be barred. We reject the application of a purely subjective standard in interpreting Minn. Stat. § 541.073, subd. 2(a).

Appellant argues, and the district court found, that he may have known he was abused but "did not make the connection" between his injuries and the abuse until 1992. We disagree. To the contrary, appellant testified the abuse hurt him emotionally and that he knew that. His objective actions corroborate knowledge of the connection between the abuse and the emotional injuries complained of. Appellant testified he avoided Pullen throughout the 1973–74 school year. He left Shattuck grounds many times during the 1973–74 school year because he did not want the abuse to continue. Appellant told his parents he did not want to return to Shattuck. Then he ran away from home in August 1974 to avoid going back to Shattuck. Appellant testified he never forgot the abuse. He thought of the abuse when bad things happened to him in later life. Appellant testified he used and exploited women because he felt used and exploited by the sexual abuse he incurred at Shattuck.

There is no evidence in the record that indicates appellant repressed the memories of the sexual abuse. There are also no medical or psychological reports that indicate appellant never made the connection between his injuries and the abuse until 1992. *See, e.g., Blackowiak,* 528 N.W.2d at 252 (tolling statute of limitations where psychological report indicated victim was too young to understand the abuse as anything more than a physical encounter and could not appreciate what happened at the same level of understanding as an adult).

Based on the record, appellant's argument is not credible. The record conclusively establishes appellant knew or should have known his injuries were caused by the sexual abuse. Applying the objective standard the district court did not err in concluding appellant "should have known" long before 1987 that his injuries were caused by the sexual abuse.

### DECISION

The evidence definitively shows appellant knew or should have known his injuries were caused by sexual abuse at Shattuck–St. Mary's. The district court properly granted summary judgment in favor of respondents. Appellant's claims are barred by the statute of limitations.

**Affirmed.**