61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
P.M.B., Appellant,
v.
David L. ANDERSON, Pastor; Trinity Lutheran Church of
Moorhead, Minnesota, a Minnesota corporation; The
Evangelical Lutheran Church in America,
a Minnesota corporation, Appellees.
 No. 94-3395.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 15, 1995.
Filed: July 24, 1995.
 
 Before ARNOLD, Chief Judge, GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 From 1977 to 1979, David L. Anderson, pastor of Trinity Lutheran Church of Moorhead, Minnesota (Trinity), sexually abused P.M.B., a teenaged church member. Anderson and Trinity were members of The Evangelical Lutheran Church in America (ELCA). Anderson last abused P.M.B. in April 1979, when P.M.B. was seventeen years old. Fourteen years later, in August 1993, P.M.B. brought this diversity action against Anderson, Trinity, and ELCA, seeking damages under Minnesota state law for injuries caused by the sexual abuse. The district court held P.M.B.'s claim was time- barred and granted summary judgment in favor of Anderson, Trinity, and ELCA. We affirm.
 
 
 2
 In Minnesota, an individual must commence an action for personal injury based on sexual abuse "within six years of the time the [individual] knew or had reason to know that the injury was caused by the sexual abuse." Minn. Stat. Sec. 541.073(2)(a) (1994). Under this statute, the Minnesota courts "apply an objective standard in determining when a sexual abuse victim knew or should have known of injuries caused by the abuse." Green v. Sawdey, 529 N.W.2d 520, 522 (Minn.Ct.App.1995), pet. for rev. denied (Minn. June 14, 1995). P.M.B. argued before the district court that he did not realize he suffered injuries from Anderson's acts until he sought professional counseling in 1992 and 1993, and thus the statute of limitations had not expired when he filed suit in 1993. The district court rejected P.M.B.'s argument, holding P.M.B. had reason to know before August 1987 that he was a victim of Anderson's sexual abuse and suffered injuries from the abuse.
 
 
 3
 Having independently reviewed state law and the record, we conclude the district court correctly entered summary judgment. P.M.B. did not repress his memory of the sexual encounters with Anderson, and at the time of the abuse P.M.B. was old enough to recognize the effects of the abuse. Indeed, the record conclusively shows that throughout P.M.B.'s relationship with Anderson and afterwards, P.M.B. knew he had been physically abused and psychologically damaged by Anderson's sexual contact. In these circumstances, a reasonable person in P.M.B.'s position should have known more than six years before filing suit that the sexual abuse caused his injuries. See S.E. v. Shattuck-St. Mary's Sch., No. C3- 95-59, 1995 WL 377370, at * 3 (Minn. Ct. App. June 27, 1995). Although in the district court P.M.B. filed an affidavit consistent with his argument opposing summary judgment, the affidavit neither mentions nor explains the differences between the affidavit and P.M.B.'s earlier, contrary deposition testimony. Thus, the affidavit does not foreclose summary judgment. RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 402 (8th Cir.1995). To the extent P.M.B. raises new arguments in his reply brief, we decline to consider them.
 
 
 4
 Because we conclude the district court's decision is clearly correct and little is to be gained by a detailed opinion in this diversity case, we affirm for the reasons stated by the district court. See 8th Cir. R. 47B.