Peter Michael SARAFOLEAN, Appellant,

v.

David Gideon KAUFFMAN, Faith Eleanor Kauffman, Dakota County, et al., Respondents.

No. CX–95–2455.

Court of Appeals of Minnesota.

May 7, 1996.

Review Denied July 10, 1996.

Virginia Stark, Lindstrom; Susan M. Elfstrom, Minneapolis, for appellant.

Thomas G. Lauer, Apple Valley, for respondent David Gideon Kauffman.

Mark A. Paige, Strandemo & Sheridan, P.A., Inver Grove Heights, for respondent Faith Eleanor Kauffman.

James C. Backstrom, Dakota County Attorney, Kenneth A. Malvey, Karen A. Schaffer, Assistant County Attorneys, Hastings, for respondents Dakota County, et al.

Considered and decided by PETERSON, P.J., and HUSPENI and MANSUR, JJ.

## OPINION

MARTIN J. MANSUR, Judge.*

Appellant challenges adverse summary judgments in favor of respondents. Appellant alleges that respondents either sexually abused him as a child or negligently failed to protect him from such abuse. We affirm.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 10.

## FACTS

Appellant was placed in foster care as a child by Dakota County Social Services, and his parents' rights were terminated. Appellant was eventually adopted by respondents David and Faith Kauffman. The present suit concerns appellant's allegation that David Kauffman sexually abused him several times between 1974 and 1979, when appellant was between 10 and 14 years old. According to appellant, he first discovered his injury in July 1988.

On June 15, 1994, appellant brought intentional tort claims against David Kauffman. Appellant also brought negligence claims against Faith Kauffman, Dakota County, and three county social workers. The district court granted summary judgment in favor of all defendants. First, the district court ruled that the intentional tort claims against David Kauffman were time-barred. Second, the district court ruled that the social workers were protected from liability by official immunity and that such immunity extended also to the county. Third, the district court concluded that appellant did not present evidence of Faith Kauffman's negligence sufficient to preclude summary judgment. Appellant now challenges the summary judgment as to all defendants (respondents herein).

## ISSUES

1. Were the claims against David Kauffman time-barred?

2. Did the district court err in granting summary judgment in favor of the county?

3. Did the district court err in granting summary judgment in favor of the social workers?

4. Did the district court err in granting summary judgment in favor of Faith Kauffman?

## ANALYSIS

1. In reviewing summary judgment, we determine whether any issue of material fact exists and whether the district court erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). Construction of a statute of limitations is a question of law that we review de novo. *H.D. v. White*, 483 N.W.2d 501, 502 (Minn.App.1992).

The abuse alleged by appellant took place between 1974 and 1979. Any intentional tort claims arising from such abuse first became time-barred on March 2, 1983, one year after appellant reached age 18. *See* Minn.Stat. §§ 541.07(1) (1982) (two-year statute of limitation for battery and other torts), 541.15(1) (1982) (limitations period extended until one year after reaching age 18). In May 1989, the legislature changed the statute of limitations for sexual abuse actions, enacting the "delayed discovery" rule:

> An action for damages based on personal injury caused by sexual abuse must be commenced, in the case of an intentional tort, within two years, or, in the case of an action for negligence, within six years of the time the plaintiff knew or had reason to know that the injury was caused by the sexual abuse.

1989 Minn.Laws ch. 190, § 2 (codified at Minn.Stat. § 541.073 (Supp.1989)). This section took effect on the day following its enactment, and it explicitly applied to "actions pending on or commenced on or after" the effective date. 1989 Minn. Laws ch. 190, § 6. The following "window" provision accompanied the new statute:

> Notwithstanding any other provision of law, a plaintiff whose claim is otherwise time-barred has until August 1, 1990, to commence a cause of action for damages based on personal injury caused by sexual abuse if the plaintiff proves by a preponderance of the evidence that the plaintiff consulted an attorney to investigate a cause of action for damages based on personal injury caused by sexual abuse within two years of the time the plaintiff knew or had reason to know that the injury was caused by the sexual abuse.

1989 Minn.Laws ch. 190, § 7. In 1990, we held that the new statute was intended to apply retroactively and that such application was constitutional. *K.E. v. Hoffman*, 452 N.W.2d 509, 512, 512–15 (Minn.App.1990), *review denied* (Minn. May 7, 1990).

In May 1991, the legislature amended the statute again, making the statute of limitations for sexual abuse six years for *both* intentional tort and negligence claims. 1991 Minn. Laws ch. 232, § 1 (codified at Minn. Stat. § 541.073 (Supp.1991)). The amendment applied to "actions pending on or commenced on or after" the day following enactment. 1991 Minn. Laws ch. 232, § 4. Again, a window provision was included:

> Notwithstanding any other provision of law, a plaintiff whose claim would otherwise be time-barred under Minnesota Statutes 1990 has until August 1, 1992, to commence a cause of action for damages based on personal injury caused by sexual abuse.

1991 Minn.Laws ch. 232, § 5.

■ The district court held that appellant's intentional tort claims were barred because he failed to commence his action by August 1, 1992, as required by the 1991 window provision. Appellant argues that the 1991 amendment revived his claim and that he met the requirements of the new six-year limitations period for intentional torts by bringing suit in June 1994, within six years of the discovery of his injury.

Our opinion in *H.D.* controls here. There, the plaintiff argued that the 1991 window provision revived all claims otherwise stale. *H.D.*, 483 N.W.2d at 502. We disagreed, holding that the window did not negate the requirement in the main provision of the statute that suits be commenced within six years of discovery. *Id.* at 503. We therefore held that the 1991 window applies

> only to claims which would have been time-barred under the previous [1989] two-year statute of limitations for intentional torts based on sexual abuse but which would not be time-barred under the new [1991] six-year statute.

*Id.* We explained:

> In particular, the rationale which supported a broad application of the window

provision in the 1989 amendment does not exist in the 1991 amendment. The 1989 amendment changed the starting point of the statute of limitations from the time of the abuse to the time of discovery of the injury. The window provision was therefore added to allow claims by sexual abuse victims which would have been time-barred under the old statute due to the length of time which had passed since the actual abuse. By contrast, the 1991 amendment merely changed the limitations period for intentional torts from two to six years. Thus, the only sexual abuse victims who would need a window provision to revive claims which would have been time-barred prior to the 1991 amendment are those with claims between two and six years old.

*Id.; see also Park v. Gravett,* 521 N.W.2d 376, 378 (Minn.App.1994) (confirming that the 1991 window applies only to intentional tort claims between two and six years old), *appeal dismissed* (Minn. Mar. 3, 1995).[1]

Appellant argues that *H.D.* actually supports his position because it confirmed that the 1991 window did not negate the general six-year rule enacted at the same time. Appellant stresses that his suit was commenced within six years of discovery.[2] We reject this argument. In *H.D.*, we held only that claims revived by the 1991 window *also* had to meet the six-year requirement. 483 N.W.2d at 503. The statute was made retroactive in limited fashion; only those stale claims encompassed by the window—intentional tort claims between two and six years old—were revived. Appellant's claims against David Kauffman were revived by the 1991 window, but only until August 1, 1992. 1991 Minn. Laws ch. 232, § 5. When appellant missed that deadline, his claims became time-barred.

As noted above, appellant's intentional tort claims first became time-barred in 1983.

1. We also held in *H.D.* that the 1991 window did not apply to negligence claims. 483 N.W.2d at 503–04. The legislature codified this holding in 1992 by amending the 1991 window, retroactive to 1991, to apply explicitly only to intentional torts. 1992 Minn. Laws ch. 571, art. 12, §§ 2, 3.

2. Appellant claims that he first knew of the injury in July 1988. The district court ruled that the issue of whether appellant should have known of his injury before then could not be decided as a matter of law, but was a fact issue for the jury (assuming that any claims survived to trial). In light of our holding, we need not review that ruling.

The 1989 delayed discovery statute created a two-year statute of limitations for intentional tort claims involving sexual abuse, running from discovery of the injury. 1989 Minn. Laws ch. 190, § 2. This statute applied retroactively. *K.E.*, 452 N.W.2d at 512. Thus, appellant's stale claim was revived, and he had until July 1990—two years from discovery—to commence his suit. In addition, the 1989 window revived stale claims (for one year) if the plaintiff had at least consulted an attorney within two years of discovery. 1989 Minn.Laws ch. 190, § 7. The obvious intent of the 1989 window was to revive, for a short time at least, any sexual abuse claim, however old, as long as the plaintiff acted affirmatively within a short time of discovery. Consequently, appellant's claim was not encompassed by the 1989 window because he could take advantage of the new two-year statute—he could still file within two years of discovery. Accordingly, appellant's claim again became time-barred in July 1990.

The 1991 amendment then changed the limitations period for intentional torts to six years. 1991 Minn. Laws ch. 232, § 1. Appellant's claim was already time-barred, however, so he could not take advantage of the new statute. The 1991 window, however, as interpreted in *H.D.*, revived intentional tort claims (such as appellant's) that were over two years old and had become time-barred under the 1989 statute, but that were under six years old and so could still meet the new six-year requirement. 483 N.W.2d at 503. Such claims could be brought until August 1, 1992. When appellant missed that deadline, his claims against David Kauffman became time-barred for the third and final time.

■ This interpretation of the 1989 and 1991 statutes is consistent with the general rule concerning the extension or outright repeal of a limitations period. The Minnesota Supreme Court stated the rule in 1921:

[T]he statute [of limitations] in force at the time the action is brought controls, unless the time limited by the old statute for commencing an action has elapsed, while the old statute was [still] in force, and before suit is brought, in which case the suit is barred * * *.

*State ex rel. Donovan v. Duluth St. Ry.*, 150 Minn. 364, 366, 185 N.W. 388, 389 (1921). In *Klimmek v. Independent Sch. Dist. No. 487*, 299 N.W.2d 501 (Minn.1980), the supreme court cited *Donovan* and applied the majority rule that a new limitations period did not govern if, at the time of its enactment, the claim had already become stale under the old limitations period. *Id.* at 502–03; *see also Larson v. Babcock & Wilcox*, 525 N.W.2d 589, 591 (Minn.App.1994) (amendment to ten-year statute of repose did not apply because claim had already become time-barred at the time of amendment); *cf. Minnesota Landmarks v. M.A. Mortenson Co.*, 466 N.W.2d 413, 416 (Minn.App.1991) (amendment applied because claim not yet barred on effective date), *review denied* (Minn. May 10, 1991). This general rule may not be applicable, however, if the legislature intended the new statute of limitations to be retroactive. *Wschola v. Snyder*, 478 N.W.2d 225, 227 (Minn.App.1991), *review denied* (Minn. Feb. 10, 1992).

■ Here, appellant's claim was already time-barred at the time the 1991 amendment was enacted; therefore, appellant could not take advantage of the new six-year statute except to the extent that the legislature intended the statute to apply retroactively. As discussed above, the legislature, in enacting the 1991 window, intended to revive certain claims only, and it gave potential plaintiffs until 1992 to bring those claims. Appellant failed to commence his suit within the 1991 one-year window. Consequently, we hold that appellant's intentional tort claims were time-barred when he brought suit in 1994. We affirm the summary judgment in favor of David Kauffman.[3]

■ 2. The district court, in granting summary judgment in favor of the county,

---

3. Appellant requests that he be allowed at this time to assert negligence claims against David Kauffman and that such claims be deemed to relate back to the time of the original filing in order to comply with the statute of limitations. Appellant never moved to amend his complaint, and this issue has not been presented to the district court. Therefore, we decline to address it here. *See Aesoph v. Golden*, 367 N.W.2d 639, 643 (Minn.App.1985) ("Issues not raised below cannot be considered for the first time on appeal.").

ruled that the county was vicariously protected from liability by the official immunity enjoyed by the social workers. We need not address the propriety of that ruling, however, because we hold that the claims against the county were time-barred.[4]

We first reject the county respondents' contention that all of appellant's negligence claims are time-barred. These respondents stress that appellant did not commence his suit within the time allowed by the 1989 window provision. As discussed above, however, the delayed discovery rule was retroactive, *K.E.*, 452 N.W.2d at 512, and the 1989 window was intended to apply to claims that could not still be filed within six years of discovery (or within two years, for intentional torts). Appellant was entitled to bring negligence claims because he did so within six years of discovery (or at least a question of fact on that issue remains).

Nevertheless, the discovery rule also contains the following provision:

This section applies to an action for damages commenced against a person who caused the plaintiff's personal injury either by (1) committing sexual abuse against the plaintiff, or (2) negligently permitting sexual abuse against the plaintiff to occur.

Minn.Stat. § 541.073 (Supp.1989). We have held, based on this provision, that the delayed discovery rule does not apply to claims based on respondeat superior; such claims are governed by the generally applicable statute of limitations running from the date of the injury. *Oelschlager v. Magnuson*, 528 N.W.2d 895, 901–02 (Minn.App.1995), *review denied* (Minn. Apr. 27, 1995). Policy supports such an interpretation, under which the actual perpetrators and facilitators of sexual abuse are more easily held liable, but institutions, which are not directly responsible for the abuse, remain protected by the normal limitations period.

Appellant did not assert negligence by the county apart from the acts of the social workers (e.g., for negligently hiring, training, or supervising the social workers, or for negligently instituting a certain policy); rather, appellant seeks to hold the county liable for its employees' acts. Appellant's claims against the county are thus based on the doctrine of respondeat superior. We hold that appellant may not take advantage of the delayed discovery rule in asserting his claims against the county and that those claims were time-barred when brought.

3. By amended findings and order, the district court ruled that it lacked jurisdiction over two of the social workers, Pauline Buckland and Janet Nelson, because appellant failed to serve them with a summons and complaint. Appellant has not challenged that ruling on appeal. Thus, the issue of the propriety of summary judgment in favor of those two parties is moot.

■ That leaves only respondent Carol Mae Alseth. The district court ruled that Alseth and the other social workers were protected from liability by official immunity. We do not address that issue. Rather, we hold that the evidence of Alseth's negligence submitted by appellant in opposition to Alseth's motion was not sufficient to preclude summary judgment in Alseth's favor. *See General Casualty Co. v. Mid–Continent Agencies*, 485 N.W.2d 147, 149 (Minn.App. 1992) ("Summary judgment is appropriate if a party fails to make a sufficient showing to establish the existence of an essential element to its case."), *review denied* (Minn. July 16, 1992).

Appellant claims that Alseth, a neighbor of the Kauffmans, was negligent in supervising appellant's placement there and in failing to discover the alleged abuse. Appellant has put forth no evidence supporting that claim, however, other than Alseth's status as a social worker and her close relationship with the Kauffmans; such evidence is insufficient as a matter of law.[5]

■ 4. Finally, we affirm the summary judgment in favor of Faith Kauffman. Ap-

---

4. The issue whether appellant's claims against the county respondents were time-barred was raised in this court by notice of review.

5. Appellant argues that this issue may not be raised now because it was not included in any notice of review. The county respondents did file a notice of review, however, and therefore we may address the issue.

pellant claims that she negligently failed to protect appellant from the alleged abuse by her husband, David Kauffman. It is undisputed, however, that no incidents of abuse took place in the presence of Faith Kauffman and that appellant did not tell anyone of the abuse until 1988. Moreover, there is not evidence sufficient to withstand summary judgment on appellant's claim that Faith Kauffman should have known of the abuse. Appellant's arguments on this issue are either irrelevant or unsupported by evidence in the record.[6]

## DECISION

We affirm the summary judgments in favor of all respondents. The intentional tort claims against David Kauffman were time-barred because they were not brought within the window permitted by the 1991 amendment to the delayed discovery statute of limitations for sexual abuse claims. The claims against the county were time-barred because the delayed discovery rule does not apply to claims asserting respondeat superior liability. Appellant failed to produce sufficient evidence of negligence by either Carol Mae Alseth or Faith Kauffman.

**Affirmed.**

---

6. We also deny appellant's motion to strike portions of Faith Kauffman's appendix; the docu- ments in question were properly submitted to the district court.