**JENSEN–RE PARTNERSHIP, a Minnesota General Partnership, Appellant,**

v.

**SUPERIOR SHORES LAKEHOME ASSOCIATION, Respondent.**

No. A03–1681.

Court of Appeals of Minnesota.

June 15, 2004.

Robert J. Huber, Mary E. Schwind, Leonard, Street and Deinard, Minneapolis, MN, and Timothy A. Costley, Two Harbors, MN, for appellant.

Kyle E. Hart, Richard G. Jensen, Fabyanske, Westra & Hart, P.A., Minneapolis, MN, for respondent.

Considered and decided by HUDSON, Presiding Judge; RANDALL, Judge; and FORSBERG, Judge.

## OPINION

FORSBERG, Judge.*

On appeal from summary judgment, appellant argues that the district court erred by granting respondent condominium-owners' association's motion for summary judgment on the ground that appellant's claim was barred by the two-year statute of limitations provided in Minn.Stat. § 541.051, subd. 1(a) (2002). Because we conclude that respondent is not an "owner" of the common elements of the condominium complex and that, therefore, the statute of limitations does not apply to this case, we reverse.

## FACTS

In June 1998, appellant Jensen–Re Partnership bought condominium unit 85 in building 5 of the Superior Shores Resort in Two Harbors. The condominium is in the resort's "rental pool," meaning that it is available for rental to the general public. Respondent Superior Shores Lakehome Association ("SSLA") is the resort's homeowners' association and is a "unit owners association" within the meaning of Minnesota's Uniform Condominium Act, Minn. Stat. §§ 515A.1–101–515A.4–118 (2002).

In early 1999, Jensen–Re discovered cracking in some of the tiles on the floor of unit 85 and notified SSLA, which in turn contacted Johnson Wilson Builders, which had constructed the building in the mid–1980s. Representatives of SSLA and Johnson Wilson inspected the property sometime in the spring of 1999. A representative of Johnson Wilson notified SSLA by letter dated May 21 that, in his opinion, although there was a crack in the foundation of building 5, the damage to the tiles in unit 85 was likely the result of water being splashed out of the hot tub. SSLA forwarded a copy of the letter to Jensen–Re.

In the spring of 2001, Jensen–Re began remodeling unit 85. The contractor performing the work discovered that the floor of the unit sloped almost five inches from north to south. Jensen–Re notified SSLA of the slope and at a condominium-owners' association board meeting on May 19, 2001, SSLA passed a motion allocating $2,500 to Jensen–Re to temporarily fix the floor of unit 85. The minutes from the meeting state that "[i]f the problems within the unit [1] have been caused by the foundation heaving, then the responsibility for rectifying the problems fall[s] within the responsibility of [SSLA]."

In May 2002, SSLA learned that the sloping of the floor of unit 85, as well as other damage to that building, was the result of the fact that the southwest corner of building 5 had settled approximately five inches. SSLA solicited bids to correct the settling, but SSLA's proposed repair did not include repairing the sloped floor in unit 85. SSLA informed Jensen–Re that repairs to unit 85 were not included in the proposed repair because the unit's sloped floor pre-dated Jensen–Re's June 1998 purchase of the unit.

Repair work on building 5 began on July 15, 2002. On July 16, Jensen–Re filed suit against SSLA, claiming breach of contract and breach of duties established under the Minnesota Uniform Condominium Act for SSLA's refusal to undertake the repair of the sloped floor in unit 85. In July 2003, SSLA moved for summary judgment, arguing that Jensen–Re's suit was barred by the two-year statute of limitations for actions arising from defects in improvements to real property set forth in Minn.Stat.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. It is unclear whether by the term "unit" SSLA was referring to unit 85 or to the entire building 5.

§ 541.051, subd. 1(a) (2002). Jensen–Re opposed the motion, arguing that the statute of limitations does not apply to actions brought by individual condominium owners against a condominium-owners' association, and that SSLA was estopped from seeking protection of the statute of limitations because of earlier representations by SSLA stating that SSLA would pay for any repairs resulting from defects to the foundation. Jensen–Re also filed a summary-judgment motion, asking the court to hold that SSLA has an obligation under both its own by-laws and the condominium act to repair the sloped floor of unit 85.

The district court granted SSLA's summary-judgment motion, concluding that Jensen–Re's suit was barred by the statute of limitations in Minn.Stat. § 541.051, subd. 1(a), because evidence showed that the settling that caused the slope occurred close to the time that construction of building 5 was completed in the mid–1980s and, therefore, had existed for longer than the limitation period. This appeal follows.

## ISSUE

Does the two-year statute of limitations in Minn.Stat. § 541.051, subd. 1(a) (2002), bar a claim against a condominium-owners' association for damages arising from construction defects?

## ANALYSIS

■ Jensen–Re argues that the district court erred by granting SSLA's summary-judgment motion. When reviewing an appeal from summary judgment, this court asks: "(1) whether there are any genuine issues of material fact and (2) whether the [district court] erred in [its] application of the law." *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). On appeal, the evidence must be viewed in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). Construction of a statute of limitations is a question of law that this court reviews de novo. *Sarafolean v. Kauffman,* 547 N.W.2d 417, 419 (Minn.App.1996), *review denied* (Minn. July 10, 1996).

The statute at issue provides that

[e]xcept where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal ... arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury.

Minn.Stat. § 541.051, subd. 1(a) (2002). Jensen–Re argues that because SSLA was not involved in the design or construction of the condominium complex and is not the owner of the condominium complex or of the common elements of the complex, the statute does not apply to this suit. SSLA contends that it is an "owner" within the meaning of the statute, so the statute applies and Jensen–Re's suit is barred.

■ Under the condominium act, "common element" is defined as "all portions of a condominium other than the units." Minn.Stat. § 515A.1–103(4) (2002). This would include the foundation, and, in fact, the parties here do not dispute that the foundation is a common element. The condominium act also provides that a fraction of the undivided interest in the common elements is allocated to the owner of each unit. Minn.Stat. § 515A.2–108(a) (2002). As a result, "[e]ach condominium unit own-

er has an undivided fractional share in the common elements that he or she holds as a tenant in common." *Chapman Place Ass'n v. Prokasky,* 507 N.W.2d 858, 862 (Minn.App.1993), *review denied* (Minn. Jan. 24, 1994).

The condominium declaration of the Superior Shores resort defines "common element" in the same way the condominium act does. Additionally, the declaration defines "unit" as "[a] portion of the Condominium ... together with its percentage of undivided interest in the Common Elements." Therefore, the unit owner is also an owner of the common elements under the provisions of the declaration.

SSLA bases its claim that it is an "owner" of the common elements on the recent case of *Olmanson v. Le Sueur County,* 673 N.W.2d 506 (Minn.App.2004), *review granted* (Minn. Mar. 30, 2004). In *Olmanson,* a snowmobiler injured when he struck a culvert that passed under a county road sued the county and the country club that owned the land on either side of the road. *Id.* at 509–10. The county and the country club both claimed that the suit was barred by the ten-year statute of repose included in Minn.Stat. § 541.051, subd. 1(a). *Id.* at 510. This court, in a footnote, noted that even though the county did not own the land where the culvert was located, "by virtue of its prescriptive easement to use the land, the placement of the culvert entirely within that easement, and the county's general duty to maintain roads in a safe condition, the county is a 'landowner' for purposes of the applicability of Minn. Stat. § 541.051." *Id.* at 511 n. 1. SSLA equates its position to that of the county in *Olmanson* and claims that, because it has an easement to enter and a duty to maintain the common elements, it should be considered an "owner" of the common elements for purposes of the applicability of the statute of limitations.

■ But "strict construction is appropriate in interpreting [Minn.Stat. § 541.051.]" *Ritter v. Abbey–Etna Mach. Co.,* 483 N.W.2d 91, 93 (Minn.App.1992) (citing *Pac. Indem. Co. v. Thompson–Yaeger, Inc.,* 260 N.W.2d 548, 554 (Minn. 1977)), *review denied* (Minn. June 10, 1992). Therefore, we must give effect to the plain meaning of the statute's language, "utilizing no 'technical legal construction.'" *Id.* (quoting *Pac. Indem. Co.,* 260 N.W.2d at 554). Strictly construing the plain language of the statute as it applies here, we conclude that an association created to manage and maintain the condominium complex is not an "owner" of the common elements of the complex within the meaning of the statute. This conclusion is supported by the fact that both Minn.Stat. § 515A.2–108 and the condominium declaration provide that the individual owners of the condominium units are the owners of the common elements of the complex.

Additionally, the supreme court, in analyzing the legislative intent behind Minn. Stat. § 541.051, found that the purpose of the statute is to eliminate stale suits against "architects, designers and contractors who have completed the work, turned the improvement to real property over to the owners, and no longer have any interest or control in it." *Sartori v. Harnischfeger Corp.,* 432 N.W.2d 448, 454 (Minn. 1988). SSLA is not in the group of entities that the statute is designed to protect. Accordingly, SSLA is not an owner of the common elements of the condominium complex and Minn.Stat. § 541.051, subd. 1(a), does not bar Jensen–Re's suit.

## DECISION

Because the statute of limitations in Minn.Stat. § 541.051, subd. 1(a) (2002), does not apply in this dispute, the district court's summary judgment in favor of Su-

perior Shores Lakehome Association is re-versed.

**Reversed.**